## KREMENTZ *v.* HOWARD.

1. GARNISHMENT — POSSESSION OF MORTGAGED PROPERTY — EVIDENCE.

In garnishment proceedings against a chattel mortgagee, declarations made in his absence by those in apparent possession of the goods, tending to show that the garnishee was then in possession, are not admissible.

2. SAME.

In such case, as bearing upon the issue whether the garnishee was in possession at the time of the service of the writ, evidence that, on the day after such service, he made a written demand for the possession of the goods, and that the board of directors of the mortgagor, a corporation, formally acted upon such demand, and turned the goods over to him, is admissible.

3. ASSIGNMENT FOR BENEFIT OF CREDITORS — PARTIES — RES JU-
DICATA.

Whether a decree affirming the validity of a chattel mort-
gage, in a suit wherein the general assignee of the mortgagor
is a party, is conclusive upon an unsecured creditor of the
latter, who had instituted proceedings to test the validity
of the mortgage prior to the assignment,—*quære*.

4. FRAUDULENT CONVEYANCES — MORTGAGE SECURING SEVERAL
DEBTS.

That one of the debts secured by a chattel mortgage is
fraudulent does not invalidate the mortgage as to the other
creditors named therein.

5. SAME—TRUSTS—RIGHTS OF GENERAL CREDITORS.

An unsecured creditor cannot complain that moneys in the
hands of a trustee for preferred creditors were applied to the
payment of a fraudulent claim, where the total amount com-
ing to the possession of the trustee was insufficient to pay the
valid claims so secured.

Error to Wayne; Donovan, J. Submitted April 22,
1896. Decided May 26, 1896.

Garnishment proceedings by George Krementz and
another against Robert R. Howard, as garnishee of F.
G. Smith, Sons & Company. From a judgment for
the garnishee defendant, plaintiffs bring error. Affirmed.

*Julian G. Dickinson,* for appellants.

*Wells, Angell, Boynton & McMillan,* for appellee.

MOORE, J. This action was begun by writ of garnish-
ment in the usual form, dated March 16, 1894. The
writ was served on the defendant the same day it was
issued. April 3, 1894, the garnishee defendant filed his
disclosure, denying the possession of any property · be-
longing to F. G. Smith, Sons & Co., or any indebted-
ness to them. April 9, 1894, plaintiffs demanded an
oral examination of the garnishee defendant before a
circuit court commissioner. This was had, and reported
by him. Afterwards a statutory issue was framed and

tried, and a verdict returned by the jury in favor of defendant.

On the trial of that issue, a chattel mortgage dated November 20, 1893, made by F. G. Smith, Sons & Co. to Robert R. Howard, as trustee for certain creditors, was received in evidence. A list of the creditors for whom Howard was acting as trustee was given in the mortgage. The debts thus secured amounted to upwards of $78,000. The mortgage contained the following language:

"To Mira J. Smith, of said Detroit, upon a promissory note made by the party of the first part, dated January 8, 1892, payable six months from date, in the amount of $6,000, bearing interest at the rate of 7 per cent. per annum, upon which interest is due from its date at said rate. * * * It is believed by the party of the first part that the parties above mentioned are the present holders of the said promissory notes; but it is declared by the party of the first part to be its intention by this instrument to secure the payment of said notes, by whomsoever held at this time or at any time hereafter, and also to secure any and every other or different indebtedness existing on its part to any of the parties hereinbefore named."

After the chattel mortgage was given, it was filed, and the mortgagors remained in possession for a time, and made sales, turning over about $41,000 to the trustee, who applied it *pro rata* among the creditors listed in the chattel mortgage, including Mira J. Smith, the wife of F. G. Smith, Sr.

Mr. Howard, the trustee and mortgagee, claimed upon the trial in the court below that he did not take possession of the mortgaged property until March 17, 1894. It was claimed by the plaintiffs that he took possession before then, and was in possession when the writ of garnishment was served upon him, March 16th, and to support their claim they sought to show statements made by F. G. Smith, Sr., and others, in the absence of Mr. Howard, mortgagee, as to who was in possession. This testi-

mony was excluded, and its exclusion is assigned as error. I have examined with care all of the cases cited by appellants' counsel. I do not think that any of them sustain the contention that this testimony was admissible. It is evident that unless the garnishee defendant had property in his possession, or under his control, belonging to F. G. Smith, Sons & Co., or was indebted to them, when he was garnished, he would not be liable in this proceeding. We do not think his liability, growing out of the possession of the stock, can be created by statements made in his absence by persons then in possession, simply because they seemed to be in possession. Before he could be bound by their statements, it must be shown either that their possession was his possession, or that they were authorized to speak for him; and that was the very controversy at issue. It is suggested that the statements of co-conspirators are always admissible against all of the conspirators. That is true, but there is nothing in the record indicating any conspiracy on the part of Mr. Howard.

Howard was allowed to show that on March 17th he made a written demand for the possession of the stock, and that the board of directors formally acted upon that demand, and turned over the stock to him. This is urged as error, but we think it was proper to show in just what way, and when, Mr. Howard took possession of the stock.

On March 19, 1894, F. G. Smith, Sons & Co. made a common-law assignment to Herbert E. Boynton, as-signee, for the benefit of creditors. Boynton accepted the position as assignee, and filed a bond in the sum of $250,000. March 14th Howard filed a bill to foreclose the chattel mortgage. March 19th F. G. Smith, Sons & Co. filed an answer. A replication was filed March 20th, and an order was entered referring the matter to a circuit court commissioner to determine the amount due. March 23d Mr. Boynton, assignee, filed a petition setting forth the assignment to him, and praying to be made a party defendant in the cause. The solicitors for the complainant

assented, and an order was entered making him a party defendant. On March 27th the commissioner made his report of the amount due on the chattel mortgage to be $38,420, including the debt of Mira J. Smith, and $3,000 for the services of the trustee and his solicitors' fees. A decree was entered for that amount. The sale was made to Frank G. Smith for $45,625. The commissioner's report of the sale was filed April 9th, and confirmed. The assignee afterwards paid from the proceeds of this sale to the plaintiffs in this proceeding $137.38, and took their receipt therefor.

In the trial of the cause the circuit judge charged the jury that the only question for them was whether the garnishee defendant, Robert R. Howard, was in the possession and control of the property described in the mortgage when the garnishment was served upon him, March 16, 1894; that the claim of Mira J. Smith must be treated as *res adjudicata*, inasmuch as it had been passed upon in the chancery proceeding to foreclose the chattel mortgage. The trial judge refused to submit the question as to whether the claim of Mira J. Smith was a fraudulent one, or whether it was sufficiently described in the chattel mortgage to authorize the trustee, Mr. Howard, to pay it. The charge as given, and his refusal to charge as stated, is alleged to be error.

The chattel mortgage, after naming the creditors who were intended to be secured by it, and the amount of their indebtedness, made this provision :

"It is believed by the party of the first part that the parties above mentioned are the present holders of the said promissory notes; but it is declared by the party of the first part to be its intention by this instrument to secure the payment of said notes, by whomsoever held at this time or at any time hereafter, and also to secure any and every other or different indebtedness existing on its part to any of the parties hereinbefore named."

This clearly indicates an intention to secure the payment of the indebtedness to Mrs. Smith. Mrs. Smith

had a right to have this debt secured. *Sweetzer* v. *Higby*, 63 Mich. 22, and cases there cited; *Root* v. *Potter*, 59 Mich. 506. And we think it was the duty of the trustee, under the facts shown in the record, to pay her, the same as the other named creditors.

As to the question of *res adjudicata*, and the charge of the court in relation thereto, it was held in *Sweetzer* v. *Higby*, *supra*, ·that the assignee is the trustee of all the creditors. In *Kennedy* v. *Dawson*, 96 Mich. 79, it is held that he is a representative of all the creditors. Should this view be accepted, his appearance in the chancery case would be their appearance. We, however, do not deem it necessary to determine that question. It is well settled that fraud is not to be lightly presumed. Circumstances of mere suspicion are not sufficient to warrant the conclusion of fraud. *Buck* v. *Sherman*, 2 Doug. (Mich.) 182; *Fraser* v. *Passage*, 63 Mich. 555. There is nothing in the record from which can fairly be drawn an inference that the debt of Mrs. Smith was a fraudulent one, or that the insertion of her name in the chattel mortgage was fraudulent. Should it be conceded that the debt of Mrs. Smith was fraudulent, it would not invalidate the chattel mortgage as to the other creditors named therein. As no claim is made that these were not valid debts, the mortgage would be good as to them. *Adams* v. *Niemann*, 46 Mich. 135; *Walker* v. *White*, 60 Mich. 428; *Warner* v. *Littlefield*, 89 Mich. 337; Jones, Chat. Mortg. § 336. If Mrs. Smith's debt were left out of consideration, Mr. Howard did not have in his hands, at the time the granishee writ was served on him, enough money, by over $30,000, to pay the other creditors named in the mortgage. If he paid any money to Mrs. Smith, it was money that came to him as trustee, and was held in that capacity. The creditors named in the chattel mortgage were entitled to it, if Mrs. Smith was not. So that, in any view of the case, the only question for the jury was whether Mr. Howard was

in possession of the mortgaged property at the date of the serving upon him of the writ of garnishment.

The judgment is affirmed.

GRANT, MONTGOMERY, and HOOKER, JJ., concurred. LONG, C. J., did not sit.