ANNIS *v.* REISER & CO.

1. PLEADING — DECLARATION — AMENDMENT — ASSUMPSIT — TORT —FRAUD AND DECEIT.

Where the declaration, in an action to recover the amount paid for a promissory note alleged to have been fraudulently sold to plaintiff by defendants was drawn on the theory of a rescission of the contract, but failed because no tender of the note had been made, the trial court was

not in error in allowing an amendment to the declaration changing the theory to an action for damages for the fraud and deceit, since both declarations depended upon substantially the same state of facts, and under 3 Comp. Laws 1915, § 12350, plaintiff had the right to elect his form of action.

2. FRAUD—PARTIES—PROOF—DIRECTED VERDICT.
    Where an action for fraud and deceit was against defendants husband and wife, but there was no proof that the wife had anything to do with the transaction, or that she received any benefit therefrom, although she was in a position to know something of the matter had she given it attention, the trial court was in error in refusing to direct a verdict in her behalf.

3. NEW TRIAL—DENIAL OF MOTION.
    Held, that the motion for a new trial was properly denied.

Error to Wayne; Brown (William B.), J., presiding. Submitted October 23, 1919. (Docket No. 42.) Decided April 10, 1920. Rehearing denied June 17, 1920.

Case by Levi C. Annis against Reiser & Company, Jerome Probst and Sarah E. Probst for fraud and deceit in the sale of a promissory note. Judgment for plaintiff. Defendants Probst bring error. Affirmed as to defendant Jerome and reversed as to defendant Sarah E.

*Robert M. Brownson* (*Frederick S. Baker,* of counsel), for appellants.

*Arthur P. Hicks* (*Carey, Armstrong & Burgess* and *Weadock & McDowell,* of counsel), for appellee.

BIRD, J. On September 2, 1913, one H. H. Loving, of Detroit, gave his promissory note, with certain collateral, to Reiser & Company for $1,500, payable on or before 30 days from date. Reiser & Company indorsed the note and defendant Jerome Probst, stock-

209—Mich.—33.

holder and manager of the company, sold it before maturity to plaintiff for $1,375. The note was not paid when due and this suit was begun by plaintiff to recover what he paid for the note and interest thereon. During the trial the plaintiff discontinued against Reiser & Company, and the jury later returned a verdict against Jerome Probst and Sarah E. Probst for the full amount of the claim. Both of these defendants assign error in this court.

1. Counsel's first point is that the trial court was in error in refusing to direct a verdict for defendants. This is based upon the claim and argument of defendants that the declaration was first drawn on the theory of rescission of a fraudulent contract and that the case proceeded on that theory up to the time that an objection was interposed on the trial that plaintiff had never tendered back the property which he bought, which was a necessary requisite if he desired to rescind and recover the purchase price; that thereupon plaintiff's counsel tendered the note and collateral to defendants in open court, but they refused to receive them, and the trial court held that the tender came too late to avail in the present action; that defendants' counsel moved to dismiss the action and plaintiff's counsel moved to amend the declaration; that the motion to amend the declaration was granted and the case then proceeded on the theory of damages for fraud and deceit and was submitted to the jury and a recovery had upon that theory. This is urged as error upon the part of the trial court.

In the amended declaration the note and collateral agreement were set forth and it was averred that defendant Jerome Probst, acting for Reiser & Company, sold the note to plaintiff for $1,375; that plaintiff was induced to, and did, purchase and pay for the note, relying on certain representations made by Probst as to the value of the note and collateral. The representa-

tions were set out in full and these were followed by an averment that the representations were false and that Probst knew they were false when he made them, and that both note and collateral were worthless at the time plaintiff purchased them.

To further show the fraud of Jerome Probst and to connect Sarah E. Probst with it, it was averred that in 1911 Probst and his wife, acting with another, organized the company of Reiser & Company, with a capital stock of $10,000. That only 50 shares of the stock had been sold, 48 of which were owned by the said Sarah E. Probst, one by Jerome Probst and one by a man named Kinnison; that said company had never made an annual report to the secretary of State, and that its corporate powers were suspended at the time said note was sold. It is further averred that the object of defendants Probst in organizing the company was to conceal and cover up their personal assets and to defraud plaintiff and people with whom they might have dealings.

Granting that the allegations of the declaration as originally drawn were on the theory of rescission, it was afterwards amended to conform to the theory of damages. Had plaintiff persisted in his claim of right to recover under the theory of rescission and no amendment been made, undoubtedly defendants would have been entitled to a directed verdict, but as there was no rescission and the declaration was amended and proof made thereunder we see no reason for a directed verdict on this account. The thing sought to be recovered was the same after amendment as before, and both declarations depended upon substantially the same state of facts. It is true that the case outlined in the amended declaration is one of tort, but after setting forth the facts which constituted the basis of his claim he elected to recover in assumpsit as he had a right to do under section 12350, 3 Comp. Laws 1915.

This section expressly provides that in such actions the law will imply a promise upon the part of the defendant. We think no error was committed by the trial court in permitting the amendment and admitting the proofs.

2. Complaint is made because the court refused to direct a verdict in behalf of Sarah E. Probst, the contention ot her counsel being that by neither allegations in the declaration nor by proof has she been connected with the transaction. Plaintiff's counsel have replied to this contention and pointed out several reasons in support of the action of the trial court in submitting the question of her liability to the jury. We have examined these reasons with considerable care, and have also read the record bearing on this phase of the case. After doing so, we are unable to agree with plaintiff's view. There is no proof that she knew anything about the sale of the note and collaterals to plaintiff, no proof that she had anything to do with the transaction or received any direct benefit therefrom. There is no proof that she had any other purpose than a good one in becoming a member of the corporation of Reiser & Company, or that she knew anything about the business transactions of the company. She testified that she left her business matters almost wholly to her husband, that she knew nothing about the business matters of the corporation, that she knew nothing about the transaction which is the subject of this suit, and that she did not even know she was being sued until she was subpœnaed by plaintiff to appear and testify at the trial. If she is to be held liable in an action of this character there should be some direct evidence connecting her with the transaction, or some facts shown from which such an inference could be reasonably drawn. It should not rest upon mere suspicion nor upon the fact that she happened to be in a position where she might have known some-

thing about the matters in controversy had she chosen to give them attention. *Fraser* v. *Passage,* 63 Mich. 551; *Krementz* v. *Howard,* 109 Mich. 466.

We agree with her counsel that the trial court should have granted the motion to direct a verdict in her behalf.

3. We have examined the other assignments, including those based upon the refusal of the trial court to grant a new trial, but we are not impressed that they are well taken, except as herein indicated.

The judgment against Jerome Probst will be affirmed. The judgment against Sarah E. Probst will be reversed. Sarah E. Probst will recover her costs to be taxed against the plaintiff. Plaintiff will recover his costs against the defendant Jerome Probst.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, and SHARPE, JJ., concurred.

Justice KUHN took no part in this decision.