PEOPLE v. STRZEMPKOWSKI.

1. CRIMINAL LAW — INTOXICATING LIQUORS—TRIAL—INSTRUCTIONS —COERCION OF JURY.

In a prosecution for the illegal possession of intoxicating liquors, where the jury were unable to agree, it was error for the trial court to instruct them, in effect, that if they did not agree upon a verdict they would be discharged from further service during the term.

2. EVIDENCE—JUDICIAL NOTICE—COERCION OF JURY—CRIMINAL LAW —INSTRUCTIONS.

The Supreme Court will take judicial notice of the fact that the discharge of a jury from further service during the term, by the trial judge, because they were unable to agree upon a verdict in a criminal prosecution for the illegal possession of liquor would cause them humiliation.

Exceptions before judgment from Bay; Houghton (Samuel G.), J. Submitted June 17, 1920. (Docket No. 84.) Decided July 20, 1920.

Thomas Strzempkowski was convicted of violating the liquor law. Reversed.

*Hitchcock & Allison,* for appellant.

*William A. Collins,* Prosecuting Attorney, for the people.

SHARPE, J. The defendant appeals before sentence from a conviction of unlawfully having in his possession a certain quantity of spirituous and intoxicating liquors. But one error is assigned.

The jury were confined during the night and on being brought into court in the morning the following occurred:

"*The Clerk:* Gentlemen of the jury, have you agreed upon a verdict?

"*A Juror:* We are unable to agree.

"*The Court:* Is your difficulty to agree because it is a case under the prohibition law, or because you have difficulty in deciding certain parts of the case. I would like to have any of you answer that question.

"*A Juror:* It seems to be a pronounced difference of opinion.

"*The Court:* We have more cases under the prohibition law, and this is a plain case, involving one simple question of fact, and if this jury cannot decide the case why then it will be necessary to dismiss this jury for the term and get another jury. These cases are just alike, and the business of the court is to determine the question one way or the other. If there is an honest disbelief in the facts you are not to blame for it, but here is a question, this case that you consider involves a very plain question of fact for you to determine. Now, if this jury is unable to determine such a case, I think it is the duty of the court to dismiss the jury and call another jury, in trying the rest of these cases. These cases must be tried. Now, I am going to give you an opportunity to do some more work on this case. I cannot discharge you this morning. You may retire to the room and consider this case further."

As the trial was otherwise fair and impartial, we feel much reluctance in reversing this case for the error complained of. The instruction, in effect, informed the jury that if they did not agree upon a verdict they would be discharged from further service during the term. We may take judicial notice that such a procedure would cause humiliation to the members of the jury panel. While impressed from a reading of the record, as was the circuit judge, that the duty of the jury, under the proofs submitted, was plain, nevertheless a question of fact was presented for them to determine and it was their right to determine it without undue influence on the part of the trial court. There were no such admissions made by the defendant as justified the direction of a verdict nor did the court so charge. Should we affirm this conviction, we must say that such an instruction would be without reversible error in every case in which a jury had deliberated for a considerable time without reaching an agreement.

The rule as stated in 38 Cyc. p. 1762, is, we think, the only safe one to follow:

"The court may impress upon the jury the propriety and importance of coming to an agreement, and harmonizing their views, state the reasons therefor and tell them it is their duty to try to agree; but should not give instructions having a tendency to coerce the jury into agreeing on a verdict. While the court may reasonably urge an agreement, its discretion does not extend to the limit of coercion."

See, also, Pierce v. Pierce, 38 Mich. 412; People v. Engle, 118 Mich. 287; People v. De Meaux, 194 Mich. 18.

The verdict must be set aside and a new trial granted.

MOORE, C. J., and STEERE, BROOKE, FELLOWS, STONE, CLARK, and BIRD, JJ., concurred.