PROBST *v.* MASSACHUSETTS BONDING & INSURANCE CO.

1. PRINCIPAL AND SURETY—SURETY ON APPEAL BOND OF HUSBAND AND WIFE NOT RELEASED BY REVERSAL OF JUDGMENT AS TO WIFE.
    The surety on the bond of a husband and wife, given to secure the payment of a judgment obtained against them in an action on their joint and several obligation, was not discharged by reason of the reversal of the judgment as to the wife where it was affirmed as to the husband, and therefore the wife is not entitled to recover money pledged to protect said surety against liability thereon.[1]

2. HUSBAND AND WIFE—WIFE MAY PLEDGE HER PROPERTY TO SECURE HUSBAND'S DEBT.
    While a married woman may not become a surety for her husband, and thereby incur a personal obligation, she may pledge her property to secure his debt.[2]

[1]Appeal and Error, 4 C. J. § 3363; Principal and Surety, 32 Cyc. p. 242; [2]Husband and Wife, 30 C. J. §§ 358 (1926 Anno), 600.

On liability of sureties on bond in judicial proceedings where judgment is in favor of one principal and against another, see note in 51 L. R. A. (N. S.) 655.

Error to Wayne; Murphy (Alfred J.), J. Submitted January 23, 1925. (Docket No. 102.) Decided April 3, 1925.

Assumpsit by Sarah E. Probst against the Massachusetts Bonding & Insurance Company to recover money paid to protect from liability on a bond. Judgment for defendant on a directed verdict. Plaintiff brings error. Affirmed.

*Charles C. Stewart,* for appellant.

*Monaghan, Crowley, Reilley & Kellogg,* for appellee.

McDONALD, C. J.    This action is brought by the plaintiff to recover $1,200 which she had deposited with the defendant company to protect it against liability on a certain bond.    On February 6, 1917, one Levi C. Annis began suit against Jerome Probst and Sarah E. Probst, his wife, and tied up by garnishment certain moneys due to Sarah E. Probst.    To release the garnishment the defendant company was induced to give its bond, the condition of which was as follows:

"That if the said Jerome Probst and Sarah E. Probst shall pay any judgment obtained against the said Jerome Probst and Sarah E. Probst in such action and abide the order of the court therein, this obligation to be void; otherwise to remain in full force and virtue."

To secure the company on this bond Sarah E. Probst deposited with it 200 shares of the common stock of the Continental Motors Corporation.    Subsequently the stock was returned to her and she deposited in lieu thereof a certificate of deposit of $1,200.    In the suit by Annis judgment was obtained in the circuit court against Jerome Probst and Sarah E. Probst. Desiring to have this judgment reviewed in the Supreme Court, Jerome Probst and Sarah E. Probst

executed another bond with this defendant as surety, conditioned as follows:

"That if the said Jerome Probst and Sarah E. Probst shall pay and satisfy said judgment, if the same is not reversed or set aside, and if a writ of error is issued in said cause, shall prosecute such writ to effect and shall pay and satisfy said judgment if the same is not set aside or reversed, then the above obligation to be void, otherwise to remain in full force and effect."

To secure the defendant on this bond Sarah E. Probst pledged and deposited with it 1,000 shares of stock of the Wisconsin Pea Canners Company of Manitowoc.

On a review of the case in the Supreme Court the judgment as to Sarah E. Probst was reversed, but was affirmed as to Jerome Probst. *Annis* v. *Reiser & Co.,* 209 Mich. 512. The judgment against Jerome Probst was not paid. Mr. Annis brought suit in the circuit court on both of the bonds against the surety, and recovered a judgment of $2,154.50, which this defendant paid. To reimburse it in part, the defendant appropriated the $1,200 security. The plaintiff then began this suit to recover the $1,200 on the theory that the surety was released from liability on the bond by the reversal of the judgment as to her in *Annis* v. *Reiser & Co., supra.* At the conclusion of the proofs the circuit judge directed a verdict for the defendant. The plaintiff brings error.

The question involved is solely one of law, viz., Is a surety on an appeal bond discharged from liability in a case where the judgment is reversed as to one of the principals and affirmed as to the other? Counsel for the plaintiff strenuously contends that when the judgment was reversed as to her, though it was affirmed as to Jerome Probst, the surety was released, and that she then became entitled to a return of her

230—Mich.—35.

collateral security.    In support of this contention he cites and relies on *Post* v. *Shafer,* 63 Mich. 85.

The holding in that case is an exception to the general rule relative to the liability of sureties where the judgment appealed from is reversed as to some of the principals and affirmed as to others.    There the bond was given on appeal from justice's court. The Shafers were husband and wife.    They were sued as joint debtors and judgment was obtained against them as such.    They jointly appealed and the judgment was reversed as to Mrs. Shafer, but affirmed as to her husband.    In an action on the bond this court held that there was no valid judgment against Shafer for the reason that upon a joint debt there could be no recovery against less than all of the debtors, that a reversal as to one defendant was a reversal as to all and that therefore the condition of the bond had been complied with and the surety was released.

In the case at bar the original suit was upon a joint and several obligation, and therefore the rule announced in *Post* v. *Shafer* has no application.    The rule here applicable is discussed in a note to *Larson* v. *Hanson,* 51 L. R. A. (N. S.) 655 (26 N. D. 406 [144 N. W. 681]).    It is there stated:

"In accord with what has already been said, the great weight of authority supports the rule that the sureties upon bonds given upon appeal are not discharged from liability upon their undertaking by an affirmance of the judgment as to part of the principals in the bond, and a reversal as to the others."

Applying this rule to the undisputed facts of the instant case, on the affirmance of the judgment as to Jerome Probst, the liability of the surety company became fixed.    It then had the right in accordance with the written agreement accompanying the bond to use the security in partial reimbursement for the amount it was compelled to pay Mr. Annis.

It is suggested by counsel in his brief that the plain-

tiff being a married woman had no power to contract except in relation to her sole property, and that therefore she is not liable on her agreement with the defendant.

"While a married woman may not become a surety for her husband, and thereby incur a personal obligation, she may pledge her property to secure his debt." *Just* v. *State Savings Bank of Ionia,* 132 Mich. 600.

The record presents no other questions which merit discussion.   The circuit judge rightfully directed a verdict for the defendant.

The judgment is affirmed, with costs against the plaintiff.

CLARK, BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.