ZEITZ v. MARA.

1. AUTOMOBILES — FOLLOWING OTHER CARS — SPEED — NIGHTTIME — CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY.

In case arising out of accident involving three cars wherein one defendant's car travelling in same direction and ahead of plaintiffs' collided with other defendant's car coming from opposite direction and latter thereafter collided head-on with plaintiffs' car, whether or not plaintiff driver was guilty of contributory negligence in crossing an intersection at a greater

speed than permitted by village ordinance and in following one defendant's car in the nighttime at speed of 40 to 45 miles an hour at a distance of about 200 feet *held*, a question of fact for the jury.

2. APPEAL AND ERROR—AUTOMOBILE ACCIDENT—VERDICT—WEIGHT OF EVIDENCE.

In actions for damages arising out of accident involving three automobiles, jury's verdict for defendants *held*, not contrary to the overwhelming weight of the testimony under record presented.

3. SAME—INCONSEQUENTIAL AND UNPREJUDICIAL CLAIMS OF ERROR.

In damage actions arising out of accident involving three automobiles, claimed errors pertaining to court's refusal to grant a new trial, based upon another jury's answer to a special question, alleged speculation of witnesses as to conclusions drawn from their examination of photographs, so-called improper and inflammatory arguments by defendants' counsel, all *held*, unprejudicial and inconsequential.

4. SAME—SETTING ASIDE VERDICTS—MISCARRIAGE OF JUSTICE.

The Supreme Court has no right to set aside a jury's verdict unless satisfied that there was such error committed on the trial as deprived a party of substantial rights or resulted in a miscarriage of justice.

5. TRIAL—COERCION OF VERDICT.

When it is claimed that a jury has been coerced into returning a verdict, all of the facts and circumstances must be considered as well as the particular language used by the trial judge.

6. SAME—COERCION OF VERDICT—LENGTHY TRIAL—IMPENDING THREE DAY INTERRUPTION.

In trial of damage actions arising out of accident involving three automobiles, which began on November 3d and were concluded in the afternoon of November 10th, a Thursday, where next day was a holiday followed by a weekend, court's remarks to jury relative to their continuance or suspension of consideration of case, in which he was careful to explain to them he did not want to force a verdict and indicated he was solicitous of their comfort and convenience *held*, not to have resulted in any pressure being exerted by the trial judge for or against the rights of plaintiffs.

Appeal from Wayne; Ferguson (Homer), J.   Submitted June 16, 1939.   (Docket Nos. 88, 89, Calendar Nos. 40,560, 40,561.)   Decided September 5, 1939.

Separate cases by Albert R. Zeitz and Albert R. Zeitz, Jr., by his next friend, Albert R. Zeitz, against Albert R. Mara, William H. Jones, and Nick Mara for damages for personal injuries sustained in an automobile collision.   Cases consolidated for trial and appeal.   Verdict and judgment for defendants. Plaintiffs appeal.   Affirmed.

*Hugh G. Allerton* and *Louis Rosenzweig,* for plaintiffs.

*Maurice Miller,* for defendants Mara.

BUSHNELL, J.   Plaintiffs, whose actions were consolidated for trial, appeal from a judgment entered upon the verdict of a jury of no cause of action in favor of defendants and the refusal of the court to grant plaintiffs' motion for a new trial.   On July 16, 1937, plaintiff Albert R. Zeitz, Jr., then 19 years of age, drove a car owned by his father, plaintiff Albert R. Zeitz, Sr., with his consent, from Highland Park to Lakeville for the purpose of going swimming with some young people who accompanied him. While there they met defendant Albert R. Mara and some others whom they had previously known. About 10 p. m., when the Zeitz car left Lakeville, Mara and his party followed.   South of Rochester, Mara passed Zeitz and Zeitz traveled behind Mara until the accident.   Just before crossing the Fourteen Mile or Clawson Road, which intersects the Rochester Road, Zeitz noticed a car coming from the south, which he learned afterwards was driven by defendant Jones.   Zeitz, according to his testimony,

crossed the intersection at a speed of between 30 and 35 miles per hour, afterwards increasing to 40 and 45 miles per hour. A collision occurred south of the intersection between the Mara and Jones cars. The Jones car continued in a northerly and westerly direction across the center line of Rochester Road, where it collided head-on with the Zeitz car, some of the occupants being badly injured, one of them dying as a result of the accident. The consolidated trials were begun on November 3, 1938, and were concluded in the afternoon of Thursday, November 10th, whereupon the following colloquy took place between the court and jury:

"*The Court:* Members of the jury, is there anyone who can't stay tonight for a while? Anybody that—

"*Juror:* How late would that be?

"*The Court:* Do you feel you may stay? What about you?

"*Juror:* I can't stay.

"*Juror:* What do you mean by tonight?

"*The Court:* I mean until five or six o'clock.

"*Juror:* I can stay but not after six.

"*The Court:* You see, we are facing a holiday, members of the jury, and then we are facing a Saturday, and we are facing Sunday. That is our trouble with this case. That is why I suggested a limit of 45 minutes and you would have had some time, but lawyers go by calendars and not by clocks. Well, I think I will charge you tonight. At least I will tell you what the law is, tonight.

"(*Charge of the Court*)

"(*Jury deliberated a while*)

"*Jury called into court room at 5:55 P. M.*

"*The Court:* Members of the jury, have you agreed upon a verdict? If so, who will speak for you?

"*Juror:* We have not.

"*The Court:* Is there any chance in the next few minutes, members of the jury?

"*Juror:* Not within the next few minutes. Probably in an hour or hour and a half.

"*The Court:* Is there anyone who can't stay half an hour? I don't want to force a verdict here. I want you to have your time and attention to it. Is there any person that does not want to stay? Be frank about it, now. Well, I will do this with you, members of the jury. If you will go out and decide this case tonight, if you can decide it, if not you can go home to Monday morning, and for every hour that you stay after 4:15 you do not have to return here for that many hours after 9:30 on Monday morning. I will do that with you. You won't lose any time. So you can go out again."

Appellants claim there was no testimony on which the jury could properly find plaintiffs guilty of contributory negligence and therefore, the motion for new trial should have been granted. Whether or not plaintiffs' action in crossing the intersection of the Fourteen Mile Road in the village of Clawson at a speed greater than that permitted by the village ordinance, and in following the Mara car at a speed of 40 to 45 miles per hour at a distance of about 200 feet, was contributory negligence is one upon which reasonable men may fairly arrive at different conclusions, and was, therefore, a question of fact for the jury. *Pulford* v. *Mouw,* 279 Mich. 376.

It is also argued that the jury's verdict was contrary to the overwhelming weight of the testimony. An examination of the record does not warrant this conclusion.

Claimed errors pertaining to the court's refusal to grant plaintiffs' motion for a new trial, based upon another jury's answer to a special question, the alleged speculation of witnesses as to conclusions drawn from their examination of photographs, and so-called improper and inflammatory arguments by defendants' counsel, are all unprejudicial and in-

consequential. The real question is whether or not the jury was coerced into arriving at a verdict.

Appellants rely on *Pierce* v. *Pierce*, 38 Mich. 412; *People* v. *Strzempkowski*, 211 Mich. 266 (10 A. L. R. 420), and the rule stated in 64 C. J. p. 590, § 528.

Defendants' brief discusses the authorities cited by plaintiffs and adds *People* v. *DeMeaux*, 194 Mich. 18. To these can also be added *People* v. *Engle*, 118 Mich. 287; *People* v. *Coulon*, 151 Mich. 200; *People* v. *Digione*, 250 Mich. 206; *People* v. *Licavoli*, 256 Mich. 229; *People* v. *Kasem*, 230 Mich. 278, and cases annotated in 85 A. L. R. 1420. While the *Kasem Case* had to do largely with the statement by the court that trials were expensive, Mr. Justice NELSON SHARPE also reviewed a large number of authorities in his opinion, and stated:

"In considering such questions, we are apt to lose sight of the fact that jurors are men of intelligence. They fully understand that they are not mere automatons, charged with the duty of voicing the sentiments or desires of the trial court. The majority, if not all of them, have a proper conception of their own duty, and of the duty of the court, and will not be driven to return a hasty or unjust verdict because they might think it in accord with the wishes of the court. * * *

"We have no right to reverse a conviction unless we are satisfied that there was such error committed on the trial as deprived the defendant of substantial rights or resulted in a miscarriage of justice. * * * This conclusion finds support in our own decisions as well as in those of other courts."

Examination of the authorities shows that, when it is claimed that a jury has been coerced into returning a verdict, all of the facts and circumstances must be considered as well as the particular language used by the trial judge.

A fair reading of the remarks of the trial court in this instance indicates the reason for the statement. The jury had been hearing testimony for a number of days. The next was a legal holiday, followed by Saturday and Sunday. The trial judge was careful to explain to the jury that he did not want to force a verdict and indicated that he was solicitous of their comfort and convenience. Members of the jury were offered every opportunity to decide for themselves whether or not they would complete their deliberations that day or return the following Monday. There is nothing in the court's statement to justify a holding that the jury was coerced. The verdict was arrived at without any pressure being exerted by the trial judge for or against the rights of plaintiffs, and the judgment entered thereon is affirmed, with costs to appellees.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.