*In re* CHIODO ESTATE

CHIODO v CHIODO

Docket No. 61450. Submitted November 17, 1982, at Detroit.—Decided February 10, 1983.

Louis Chiodo filed a claim in the Wayne Probate Court against the estate of Anthony Chiodo, alleging that he had loaned his deceased brother $1,000 and that the estate was obligated to repay that sum. Louis produced a check made out to the deceased which had the word "labor" scratched out and the words "loan to be replaced when possible" written on the top of the check. According to the testimony, this change occurred after the check had cleared the banking system and had been returned to Louis, who then authored the change. The referee held that a loan had been made. The court, Joseph J. Pernick, J., affirmed this determination. The estate appealed, alleging that the check was materially altered and that it could only be enforced according to its original tenor, that the parol evidence rule should have been invoked to bar evidence to vary the terms of the check, and that public policy should require the rule of the now-abrogated dead man's statute. *Held:*

1. The statute which provides that a materially altered instrument may only be enforced according to its original tenor is applicable only to subsequent holders in due course. The estate is not a holder.

2. For the parol evidence rule to be invoked, there must first be a completely integrated agreement between the parties. The check was not an integrated contract.

3. Generally, dead man's statutes are anachronisms which perpetrate rather than prevent injustice. Neither public policy nor basic justice favors the substantial impairment of a potentially viable defense.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Alteration of Instruments § 28.

[2] 30 Am Jur 2d, Evidence § 1043 *et seq.*

[3] 29 Am Jur 2d, Evidence § 674 *et seq.*

   81 Am Jur 2d, Witnesses § 303 *et seq.*

1. Bills, Notes and Checks — Alterations.
    The statute which provides that a materially altered instrument
    may only be enforced according to its original tenor is applica-
    ble only to subsequent holders in due course (MCL 440.3407[3];
    MSA 19.3407[3]).

2. Contracts — Parol Evidence Rule.
    For the parol evidence rule to be invoked, there must first be a
    completely integrated agreement between the parties.

3. Statutes — Dead Man's Statutes — Defenses.
    Generally, dead man's statutes are anachronisms which perpe-
    trate rather than prevent injustice; neither public policy nor
    basic justice favors the substantial impairment of a potentially
    viable defense.

*Clark, Klein & Beaumont* (by *James Beall* and *L. James Wilson*), for appellant.

*Edward M. Bunn, P.C.,* for appellee.

Before: M. F. Cavanagh, P.J., and R. B. Burns and Cynar, JJ.

Per Curiam. Appellee, Louis Chiodo, filed a claim against the appellant, the estate of Anthony Chiodo, alleging that he had loaned $1,000 to his deceased brother and that the appellant was obligated to repay this sum. Appellant disputed the existence of a loan. The appellee produced a check made out to the deceased which had the word "labor" scratched out and the words "loan to be replaced when possible" written on the top of the check. According to the testimony, this change occurred after the check had cleared the banking system and had been returned to the appellee, who then authored the change. The referee held that a loan had been made; the probate court affirmed this determination. Appellant appeals, and we affirm.

Appellant relies on MCL 440.3407(3); MSA

19.3407(3) to argue that the check was materially altered and thus could only be enforced according to its original tenor, in which state it bore the word "labor". From this, the appellant concludes that the check given by the appellee to his deceased brother was for "labor" only and was not a loan.

We find the appellant's argument fatal for two reasons. First, MCL 440.3407(3); MSA 19.3407(3), which states that a materially altered instrument may only be enforced according to its original tenor, is applicable only to subsequent holders in due course. Not only is the appellant not a subsequent holder in due course, but the appellant is not even a holder. See MCL 440.1201(20); MSA 19.1201(20). Second, MCL 440.3407; MSA 19.3407 refers to material changes which affect "the contract of any party thereto". Since the appellee's check was not altered until after it had been processed through the banking system and reacquired by the appellee, the liability of each of the parties under their respective contracts was discharged. No contract existed for the appellee to alter. MCL 440.3601(3); MSA 19.3601(3), and MCL 440.3603; MSA 19.3603.

Appellant's second contention is that parol evidence should not have been admitted to vary the terms of the check. Appellant asserts that the word "labor" on the check transformed the check from an ordinary negotiable instrument contract, see MCL 440.3413-440.3416; MSA 19.3413-19.3416, into a contract which clearly and unambiguously showed that the parties had agreed that the money was given for labor.

For the parol evidence rule to be invoked, there must first be a completely integrated agreement between the parties. The test of completeness was first set forth in *Butler v Iron Cliffs Co,* 96 Mich 70, 78; 55 NW 670 (1893), wherein the Michigan

Supreme Court stated quoting from Jones, Construction of Commercial and Trade Contracts, § 134:

"The test of the completeness of the writing proposed as a contract is the writing itself. If this bears evidence of careful preparation, of a deliberate regard for the many questions which would naturally arise out of the subject-matter of the contract, and if it is reasonable to conclude from it that the parties have therein expressed their final intentions in regard to the matters within the scope of the writing, then it will be deemed a complete and unalterable exposition of such intentions. If, on the other hand, the writing shows its informality on its face, there will be no presumption that it contains all the terms of the contract. In every case, therefore, the writing must be critically examined in the light of its surrounding circumstances, with a view of determining whether it is a memorial of the transaction."

In this light, we find it clear that a check with only the notation "labor" inscribed on it is not a completely integrated agreement. Hence, parol evidence was admissible to establish the oral contract between the appellee and the deceased.

Appellant's final allegation merits little comment. Although the appellant acknowledges the fact that the dead man's statute, MCL 600.2166; MSA 27A.2166, was abrogated by MRE 601, the appellant contends that for public policy reasons, *i.e.,* the possibility of a third party effectively defrauding a decedent's estate, the rule should remain intact. The same argument was presented to this Court in *Dahn v Sheets,* 104 Mich App 584; 305 NW2d 547 (1981), *lv den* 412 Mich 928 (1982). The Court concluded that public policy would not be served by substantially impairing a potentially viable defense or claim. *Dahn, supra,* pp 589-590. We agree.

Affirmed. Costs to appellee.