TAYLOR *v.* TAYLOR'S ESTATE.

1. BILLS AND NOTES—EXECUTION—PROOF.

On the hearing of a claim against an estate on notes alleged to have been executed by the decedent and lost, testimony of a witness that she had been told by the decedent that the claimant held notes against him, and that she had seen the notes of which he spoke, and testimony by another witness that he had seen decedent's signature a number of times, and had seen the notes, and, in his judgment, the signature to the notes was that of decedent, was sufficient evidence of execution to go to the jury; and it was not error to refuse to direct a verdict for the estate.

2. SAME—CONSIDERATION—PRESUMPTIONS.

Where there was evidence that certain lost notes in suit were negotiable in form, it will be presumed that they were based on a consideration, though they did not contain the recital "for value received."

3. SAME—BURDEN OF PROOF.

Proof of the execution of promissory notes makes out a prima facie case, and, where there is no evidence of want of consideration, the burden of proving consideration is not imposed upon the plaintiff.

4. SAME—NOTES PAYABLE AT DEATH—CHARACTER AS BEQUEST.

Notes executed by a decedent and payable at his death are not 'in the nature of a bequest, and need not be executed with the formalities prescribed for wills,

5. SAME—PAYMENT—BURDEN OF PROOF.

The burden of proving payment of promissory notes rests on the party who claims to have made it, though that party is the estate of a decedent.

6. WITNESSES — DECEDENTS' ESTATES — CLAIMANTS — FACTS EQUALLY WITHIN KNOWLEDGE OF DECEDENT.

On the hearing of a claim against an estate on notes alleged to have been executed by the decedent, testimony by the claimant that she did not have the notes in her possession; that

they were lost while owned by her and in her possession; that she had made search therefor, the particularity of which she stated—was not a violation of 3 Comp. Laws, § 10212, forbidding claimant from testifying to facts equally within the knowledge of the deceased.

7. EXECUTORS AND ADMINISTRATORS — CLAIM AGAINST ESTATE — CHARACTER OF CLAIMANT—EVIDENCE.

On the hearing of a claim against an estate by the decedent's wife on notes alleged to have been executed by him, it was not error to exclude testimony that claimant had another husband living when she married decedent, and that she had been unchaste.

8. EXAMINATION OF WITNESSES—FURTHER DEVELOPMENT ON RE-DIRECT.

While claimant was testifying, counsel for the estate introduced a note other than those sued on, and proved by her that she had signed her husband's name thereto as maker. *Held*, that on redirect examination her counsel might show why, and the circumstances under which, she so signed said note, to rebut the inference that she had also signed her husband's name to the notes in suit.

9. SAME — COMPARISON OF HANDWRITINGS — DOCUMENTS NOT IN EVIDENCE.

On the hearing of a claim against the estate of a decedent on notes alleged to have been executed by him, a witness who had testified to the genuineness of decedent's signature to the notes was, on cross-examination, shown the signatures to certain documents not in evidence, purporting to be signed by decedent, and asked if such signatures were genuine   *Held*, that he might decline to answer unless he was permitted to examine the documents.

10. EVIDENCE — UNIDENTIFIED DOCUMENTS — SIGNATURES — ADMISSIBILITY.

The signatures to unidentified documents not in evidence are properly rejected when offered in evidence for the purpose of comparison.

11. DEPOSITIONS—USE ON APPEAL.

A deposition, taken for use on a previous hearing before commissioners on claims, showing that the witness was over 80 years of age and unable to travel, is properly admitted on the trial in circuit court, under 3 Comp. Laws, § 10142, as it cannot be presumed that the cause for taking the deposition had been removed.

12. EXECUTORS AND ADMINISTRATORS — CLAIM AGAINST ESTATE — WIDOW—ESTOPPEL TO ASSERT.

A recital in a will by which testator disputes a claim of his wife against him does not preclude her enforcing her claim against his estate, though she accepts the provisions in the will for her support in lieu of dower.

13. EXAMINATION OF WITNESSES—BIAS—CROSS-EXAMINATION.

On the hearing of a claim by a widow against the estate of her deceased husband, on notes alleged to have been executed to her by him, her stepson having testified on direct examination for the estate that his relations to plaintiff were friendly, she was entitled on cross-examination to show his conduct toward her.

14. INSTRUCTIONS — CREDIBILITY OF WITNESSES — PREPONDERANCE OF EVIDENCE.

An instruction, which, construed with the remainder of the charge, told the jury that, after rejecting the testimony of witnesses discredited by them, their verdict should be for claimant, if there was more testimony—that is, a preponderance of testimony—tending to establish the validity of her claim, and, if there was not, their verdict should be for the estate, was correct.

Error to Muskegon; Russell, J. Submitted November 17, 1904. (Docket No. 105.) Decided December 30, 1904.

Elizabeth Taylor presented a claim against the estate of Amos R. Taylor, deceased, for the amount of certain promissory notes. The claim was disallowed by the commissioners. Claimant appealed to the circuit court, where she had judgment, and the estate brings error. Affirmed.

Elizabeth Taylor presented a claim against the estate of Amos R. Taylor, her deceased husband, for the amount of certain promissory notes claimed to have been executed by him in her favor, payable at his death, and which she claimed to have lost. Decedent's will, after leaving all

his property to the children of his first wife subject to claimant's support, contained the following recital:

"Having heard of some claim of my wife, Elizabeth, has against my estate, I wish to state the facts relating thereto for the purpose of preserving them. That the receipts she claims to have for money paid out and other claims were procured first by taking my mother, Mrs. Shannon, to take care of. We took her to our home and one Hamilton, whom she married after Shannon died, and there was about seven hundred dollars coming from the Shannon estate for the support of my mother. I furnished everything for her support, my wife doing the work with the other members of my family and she got this money and used it and took receipts for bills paid and claims it as her money and against me; and for the care of Hamilton for five years we were to receive ten dollars a month, and did, and this when paid was taken by her and bills paid and receipts taken by her as so much money paid out by her, making a claim of about fourteen hundred dollars. While I furnished everything for the care and support of these parties, and paid the funeral expenses of my mother, and all receipts were taken without my consent or knowledge, and as I believed, for the purpose of taking my estate from my children by my first wife after my death."

*Walter I. Lillie* (*Stephen H. Clink*, of counsel), for appellant.

*Nims, Hoyt, Erwin, Sessions & Vanderwerp*, for appellee.

CARPENTER, J.   The claimant, Elizabeth Taylor, recovered in the court below on three promissory notes which it was claimed were executed by decedent and held by her.

It is contended that the court erred in not charging the jury to render a verdict in favor of the estate because (*a*) there was no evidence tending to prove the execution of the notes; and (*b*) there was no evidence of consideration.

(*a*) We think there was abundant evidence of the exe-

cution of the notes. Such evidence is furnished by the following testimony of Sarah Bradley:

"Mr. Taylor told me that Lib [claimant] had notes against him. * * *

" Q. What notes was he talking about at that time? A. Those three notes I seen the last time I saw them at Ferris Center."

Proof of execution may also be inferred from the testimony of Hon. George A. Farr, a witness for plaintiff. He testified that he had seen decedent's signature a number of times, and, in his judgment, the signature to those notes was his.

(b) We are bound, also, to say that there was evidence of consideration. It is true that the notes did not contain the recital "for value received;" but there is evidence that they were negotiable in form, and there is a presumption that such notes, though lacking the recital just mentioned, are based upon a consideration. See *Carnwright* v. *Gray*, 127 N. Y. 92; *Dean* v. *Carruth*, 108 Mass. 242.

As there was no evidence tending to prove want of consideration, the court did not err in refusing to charge that the jury must find not only that decedent signed the notes, but also that they must find " by a fair preponderance of the evidence in this cause " that they were based upon a valuable consideration. The proof of the execution of the notes made out a prima facie case, and it is only when there is evidence of want of consideration that there is imposed upon the plaintiff the burden of proving consideration by a preponderance of testimony. See *Manistee Nat. Bank* v. *Seymour*, 64 Mich. 73, 74; *Farnsworth* v. *Fraser*, 137 Mich. 296; *Rood* v. *Jones*, 1 Doug., at page 193; *Young* v. *Shepard's Estate*, 124 Mich. 552.

The trial court refused to charge the jury, as requested by the estate, that these notes were in the nature of a bequest, and that the burden of proving nonpayment rested upon claimant. The notes certainly were not in the nature of a bequest, and it is an elementary principle of law

—a principle which we must hold as applicable though an estate is party to a suit—that the burden of proving payment rests upon the party who claims to have made it. The court therefore properly permitted interest to be computed upon the assumption that payments had not been made.

Claimant was permitted to testify that she did not have the notes involved in suit; that they were lost while owned by her and in her possession; and she was also permitted to testify to the particularity of the search made to find them. It is contended that, in giving this testimony, claimant violated the statute (section 10212, 3 Comp. Laws) which forbade her testifying to facts equally within the knowledge of the deceased. In giving this testimony, claimant went no further than it was necessary for her to go to establish the loss of the notes. This she was compelled to do in order to furnish an excuse for not producing them. Appellant's contention that she thereby testified to the existence of notes executed by decedent will not bear anaylsis. From claimant's testimony that she still owned, could not find, and had lost the notes involved in the suit, no inference that those notes were executed by her husband—indeed, no inference of any fact known to deceased—could be legitimately drawn. The testimony was properly admitted. See *Choate* v. *Huff*, 4 Tex. App. Civ. Cas. 480.

It was not error for the trial court to exclude testimony tending to prove that claimant had another husband living when she married decedent, and that she had been unchaste. See *People* v. *Mills*, 94 Mich. 630; *Knickerbocker* v. *Worthing*, ante, 224.

While claimant was on the witness stand, counsel for the estate introduced a note—not one of those for which she recovered judgment—and proved by her that she herself signed her husband's name thereto as maker. Complaint is made because on redirect examination claimant's counsel was permitted to show why, and the circumstances under which, she signed said note. We think

this testimony was properly permitted. It was needed to rebut the inference—an inference suggested by counsel for the estate—that might otherwise be drawn that claimant had also signed her husband's name to the notes in suit.

On the cross-examination of a witness who had given testimony tending to prove the genuineness of decedent's signature to the notes in suit, counsel for the estate presented to him certain documents, not in evidence, purporting to be signed by deceased, and asked him if such signatures were genuine. The witness declined to answer unless he was permitted to examine the documents. Complaint is made because the trial court sustained his position. The decision of the trial court was correct. See *North American Fire-Ins. Co.* v. *Throop*, 22 Mich., at pages 160–162. The trial court very properly refused to permit counsel for the estate to introduce these signatures in evidence. As they had not been identified, they were clearly not admissible.

The court permitted claimant to use in testimony the deposition of Sarah Bradley, which had been taken for the hearing before the commissioners on claims. This deposition was taken under sections 10136–10143, 3 Comp. Laws. Section 10142 reads:

"Depositions under this act may be read and considered in evidence at the trial or on any hearing, and on appeals and retrials of the same cause of action, but the court shall have power to regulate the use, to prevent abuses thereof, and may order the retaking of testimony, or the production of the witness, if within the jurisdiction, notwithstanding that his deposition has been taken."

The statute above quoted is sufficient authority for using the deposition on appeal. But it is claimed that there was no showing that the witness was then sick and unable to attend court. The record does not disclose that this objection was made in the trial court. Moreover, it appears from the deposition that the witness was over 80 years of age and unable to travel; and it cannot, therefore, be presumed, under the case of *Emlaw* v. *Emlaw*, 20 Mich. 11,

relied upon by appellant, that the cause for taking the deposition had been removed.

Appellant contends that the court erred in not admitting in evidence the files of the probate court showing the will and the administration of the estate.   It is contended that by this it would have appeared that claimant accepted the provisions of the will, and that those provisions are inconsistent with her right to maintain this suit.   It is a sufficient answer to this contention to say that, in our judgment, those provisions did not affect claimant's right to recover in this case.

Complaint is made because on the cross-examination of George Taylor, a witness for appellant, claimant's counsel was permitted to show his conduct toward claimant, his stepmother.   We think that the door for the admission of this testimony was opened by appellant when, on direct examination, this witness testified that his relations to his stepmother were friendly.

In concluding his charge to the jury, the trial court said :

" It is for you to say   *   *   *   as to whether all of the witnesses that have been sworn here have told the truth. *   *   *   If you find that they have not, of course you will reach a verdict from the evidence which under all the circumstances you think is true, when you have collected that evidence together—if there is more of it that satisfies you that the claim of the claimant is valid than there is on the other side, taking everything into consideration, you will find for the claimant; if there is not, you will find for the estate."

Appellant contends that, as all the testimony relating to the execution of the note and its consideration was produced by claimant, this charge was misleading, and, in effect, told the jury to render a verdict for the claimant. This argument has no foundation, if the language is, as it should be, properly construed.   Construing it in connection with the remainder of the charge, as it certainly should be, the jury were told that, after rejecting the

testimony of witnesses discredited by them, their verdict should be for claimant, if there was "*more*" testimony—that is, a preponderance of testimony—tending to establish the validity of her claim; if there was not, their verdict should be for the estate. As thus construed, the charge was correct, and is not open to the objection urged by appellant.

We have examined appellant's other complaints, and, in our judgment, no other assignment of error demands discussion.

The judgment is affirmed, with costs.

The other Justices concurred.