CAWTHORPE *v.* CLARK.

1. BILLS AND NOTES — BURDEN OF PROOF — PRIMA FACIE CASE — CONSIDERATION—PRESUMPTION.

Negotiable notes import consideration, and plaintiff, whose declaration sets out copies of the notes sued upon and offered in evidence, is, in the absence of any defense, entitled to judgment.

2. SAME—DEFENSES BETWEEN ORIGINAL PARTIES.

In an action between the original parties to notes that were never negotiated, it was competent for the defendant to show want of consideration: the burden of proving consideration remaining on plaintiff upon the whole case.

3. SAME — ESTATES OF DECEDENTS — NOVATION — NEGOTIABLE INSTRUMENTS.

Notes of defendant given in payment of accrued interest on a debt owed by defendant's deceased husband, the amount of the notes being indorsed on the instrument evidencing the indebtedness, were supported by consideration: the discharge of decedent's indebtedness *pro tanto* was a sufficient consideration; the fact that the debtor was not living did not change the relations of the parties.

Error to Calhoun; North, J. Submitted October 18, 1912. (Docket No. 154.) Decided December 17, 1912.

Assumpsit by Ellis Cawthorpe, executrix of the estate of Harriet C. Howell, deceased, against Caroline H. Clark upon three promissory notes. Judgment for plaintiff. Defendant brings error. Affirmed.

*Edward R. Loud*, for appellant.

*Charles R. Wilkes*, for appellee.

OSTRANDER, J. Being requested so to do, the trial court on April 24, 1912, made findings of fact and law. The defendant on June 4, 1912, filed exceptions in the following form:

"This court having made and filed his findings of fact and law in this case, now comes the said defendant, Caroline Clark, by Edward R. Loud, her attorney, and excepts thereto, as follows: (1) The said defendant excepts to the decision of the court in allowing the said plaintiff to recover on the two disputed notes in question, and, (2) the said defendant excepts to the findings and conclusions of law of this court in this cause."

We find no errors otherwise assigned, although the certificate of the trial judge recites that "the annexed assignments of error " were before the court when the bill of exceptions was presented and signed. No proceedings appear to have been taken by appellant pursuant to Circuit Court Rule 26, except to allege exceptions, as above set forth. This rule provides that the findings of facts shall be treated as special verdicts—

"And error may be alleged that the same does not support the judgment, as on a special verdict; but no ruling of law embodied in such finding can be reviewed except on exceptions, or on a case made as provided by statute."

Assuming the exceptions to be sufficient, the question presented is whether the facts found support the judgment.

The notes sued upon, being negotiable in form, import consideration, and, in the absence of other evidence, copies of them having been set out in the declaration, plaintiff would be entitled to a judgment.

The action being between the original parties to the notes, and the notes never having been negotiated, it was competent for defendant to introduce testimony to prove want of consideration; the burden being upon plaintiff upon the whole case to prove consideration. *Manistee Nat. Bank* v. *Seymour*, 64 Mich. 59 (31 N. W. 140); *Taylor* v. *Taylor's Estate*, 138 Mich. 658 (101 N. W. 832).

The facts supposed to show want of consideration are not disputed. Plaintiff's decedent held the promissory notes of defendant's husband. After the death of her husband, intestate, defendant gave the notes in suit to pay accrued interest upon her husband's said notes. Plaintiff's decedent accepted the notes in suit in payment of such accrued interest and indorsed the amount thereof upon said notes. The estate of defendant's deceased husband has never been administered. Whether defendant's husband had an estate of value and defendant a valuable interest therein, whether forbearance was sought by defendant and was secured, are facts not made to appear.

There is no evidence of reciprocal promises, and in the facts stated there is none of any benefit or advantage moving from plaintiff's decedent to defendant. There is the presumption, already referred to, and the fact that the notes in suit were tendered and received in payment of the debt of a third person, which debt was, to the amount of the notes in suit, discharged. We regard the fact that the third party debtor was deceased when defendant's notes were given as immaterial. There was an act of plaintiff's decedent, the altering of an existing right, presumptively the release or relinquishment of a remedy based upon defendant's promises. This is a sufficient consideration for the promises.

The judgment is affirmed.

MOORE, C. J., and STEERE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.