NOONAN v. VOLEK.

1. Motor Vehicles—Prima Facie Negligence—Directed Verdict.
   Where, in an action for injuries resulting in the death of plain-
   tiff's decedent, it appeared at the close of plaintiff's proofs
   that defendant's automobile overtook and struck in the rear
   the wagon on which decedent was riding, defendant's motion
   for a directed verdict on the ground that negligence on his part
   had not been shown was properly denied at that time, since
   under Act No. 236, Pub. Acts 1919, he was *prima facie* guilty
   of negligence.

2. Same—When Presumption of Negligence Exists.
   The presumption of negligence arising under Act No. 236, Pub.
   Acts 1919, where defendant's automobile overtook and struck
   in the rear the wagon on which plaintiff's decedent was riding,
   exists only in the absence of evidence, and does not serve at all
   when the issue of negligence is tried out upon evidence.

3. Same—Weight of Evidence.
   Where, in an action for the death of plaintiff's decedent caused
   by defendant's automobile striking in the rear the wagon on
   which decedent was riding, there was evidence supporting the
   claims of both parties, it cannot be said that a verdict in favor
   of plaintiff was against the clear weight of the evidence.

4. Witnesses—Matters Equally Within Knowledge of Deceased
   —Waiver.
   In an action by the administratrix under the survival act for the
   death of plaintiff's decedent, defendant could not testify to
   any matter connected with the accident, which, if true, was
   equally within the knowledge of the deceased (3 Comp. Laws
   1915, § 12553), and that other persons witnessed the accident
   and testified to such matters did not lift the bar or waive the
   protection of the statute.

5. Same—Fact of Deceased's Knowledge Must Affirmatively
   Appear—Not to be Inferred.
   That the fact, if true, was equally within the knowledge of de-
   ceased, must affirmatively appear and may not be inferred, in
   order to bar defendant's testimony thereto under the statute.

6. Same—Evidence—Where Knowledge of Deceased Question of Fact, Testimony Should be Received and Submitted to Jury Under Proper Instructions.

The trial court was in error in rejecting defendant's testimony that, on approaching the wagon from the rear, he sounded his horn, on the ground that, if true, said fact was equally within the knowledge of deceased, since the question of deceased's knowledge, under the circumstances, was one of fact, and the testimony should have been received and the jury instructed to give it no consideration if found to have been equally within the knowledge of deceased.

Error to Shiawassee; Collins (Joseph H.), J. Submitted January 25, 1929. (Docket No. 33, Calendar No. 34,068.) Decided March 29, 1929.

Case by Hazel Noonan, administratrix of the estate of Floyd Noonan, deceased, against George Volek for the negligent killing of plaintiff's decedent. Judgment for plaintiff. Defendant brings error. Reversed, and new trial granted.

*Paul V. Gadola* (*Pulver & Bush,* of counsel), for plaintiff.

*Selden S. Miner* and *Leon F. Miner* (*Ellis F. Wilson,* of counsel), for defendant.

Wiest, J. The morning of November 20, 1925, Floyd Noonan was driving a milk delivery wagon, drawn by one horse, along a street in the city of Owosso. Defendant, driving an automobile, approached the milk wagon from the rear, and, plaintiff claims, collided with and overturned the wagon upon Mr. Noonan, broke his back and neck, and paralyzed him from the neck down. Mr. Noonan regained consciousness and survived five days. This suit was brought by the administratrix of Mr.

Noonan's estate to recover damages under the survival act. Upon the trial, plaintiff had verdict and judgment. Review is by writ of error.

At the trial it was the claim of plaintiff that Mr. Noonan was driving on the right-hand side of the street, near the curb, and defendant, without warning signal, approached from the rear, ran his car against the wagon with such force as to tip it over and upon Mr. Noonan, who was riding upon the right-hand step of the wagon, and, after the wagon tipped over and was upon Mr. Noonan, the horse, frightened by the collision, dragged the wagon several feet, then broke loose and ran across the street. At the close of plaintiff's proofs in support of the mentioned claim, defendant moved for a directed verdict, on the ground that negligence on defendant's part had not been shown. The motion was denied, and defendant put to his proofs. The ruling was right at that stage of the trial. It then appeared that defendant's car overtook and struck the wagon in the rear end. This fact, under highway regulations, rendered defendant *prima facie* guilty of negligence. Act No. 236, Pub. Acts 1919 (Comp. Laws Supp. 1922, § 4865 [5]), so provides. The presumption, however, exists only in the absence of evidence, and does not serve at all when the issue of negligence is tried out upon evidence. This was made clear in the charge of the court. Defendant claimed at the trial that Mr. Noonan was driving near the center of the street, and, as he approached the wagon, he sounded his horn in signal of his purpose to pass upon the left, slowed down, and turned his automobile to go by, and would have passed safely had not the horse turned suddenly toward the center of the street and brought the wagon in his path, that the car unavoidably struck the left hind wheel of the

wagon, but only with slight force, and the car was instantly brought to a stop and the wagon was overturned some feet away by the sharp cramping of the wagon by the horse. As sometimes happens, the claim of each party was supported by several eyewitnesses.

The verdict of the jury was in accord with plaintiff's claim. Defendant moved for a new trial, alleging the verdict to be contrary to the weight of the evidence, and also set up newly-discovered evidence. The motion was denied. The verdict was supported by the testimony of several witnesses. If the verdict had been for defendant it would have had support also. We cannot hold the verdict against the clear weight of the evidence.

At the trial two witnesses testified that, just before the accident, they saw Mr. Noonan whipping the horse, and that the animal was kicking and plunging. In the motion for a new trial was a showing that the horse had run away and entered a dooryard some minutes before the accident, and, when Mr. Noonan recovered the horse, he punished it. The court found want of diligence in discovering the evidence, and that it was only cumulative. The new evidence, if given, would show the occasion for the treatment of the horse, above mentioned, and bring the horse and its driver to the place of accident in moods lending considerable weight to defendant's version of how the accident happened. If the horse had run away a few minutes before the accident, was punished, and, as one witness testified, had kicked boards loose in the front of the wagon, the animal was in a state of excitement at the time of the accident, and the new evidence ought to prove helpful. If defendant sounded his horn to pass, and Mr. Noonan suddenly directed the horse toward the center of the street and into the path otherwise open to

the car, then Mr. Noonan was guilty of negligence barring recovery by plaintiff. If the horse was unruly or excited by mistreatment, and, upon defendant sounding his horn, turned suddenly toward the center of the street and into the path of the car, then the accident, if so occasioned, would afford plaintiff no right of recovery. We mention this to show the importance of the issue of whether defendant, in approaching the wagon, sounded his horn, and its bearing upon the ruling of the court excluding his testimony on that subject.

Defendant, as a witness in his own behalf, could not testify to any matter connected with the accident, which, if true, was equally within the knowledge of the deceased. The statute (3 Comp. Laws 1915, § 12553) so provides, and it applies to actions of tort prosecuted by the heirs, representatives, or legatees of a deceased to recover damages under the survival act. The fact that other persons witnessed the accident and testified to matters equally within the knowledge of the deceased did not lift the bar or waive the protection of the statute. While such is the rule, its application, in tort actions, is fraught with difficulty in determining what knowledge the deceased had of a particular event, for the bar is not up until it affirmatively appears that the fact, if true, was known to the deceased. In the instant case the difficulty we mention was experienced. Defendant was not permitted to testify that, upon approaching the wagon, he sounded his horn. The ruling was in support of an objection that the fact, if true, was equally within the knowledge of the deceased. Who knows what the deceased knew? If defendant sounded his horn and Mr. Noonan did not hear it then the fact, if true, was not within the knowledge of the deceased at all. On the other hand, if the horn was sounded and heard by Mr.

Noonan, it was not only within his knowledge, but conveyed to him warning of intention of the driver of the car to pass, and if he thereafter turned his horse toward the center of the street, and brought the wagon to the left and in the path of the car, he was guilty of contributory negligence.

The court was in error in unconditionally excluding the testimony of defendant in the particular mentioned. The exclusion was based upon an assumption. The testimony was admissible unless the fact asserted, if true, was equally within the knowledge of the deceased. Whether so within his knowledge or not may not be inferred. *Taylor* v. *Taylor's Estate,* 138 Mich. 658. As stated by Judge Perkins in Evidence by Survivor, § 30:

"But the testimony and record must show that the fact sought to be established was within his knowledge"—citing *Webster* v. *Sibley,* 72 Mich. 630; *McCain* v. *Smith,* 172 Mich. 1.

It was a question of fact, in this case, for determination by the jury, whether the horn, if sounded, was heard by or known to the deceased. In such case, the testimony should be received and the jury instructed not to give the same consideration *if found to have been equally within the knowledge of the deceased.* The burden of showing that the fact, if true, was equally within the knowledge of the deceased rests with one invoking the prohibition of the statute. What we have said applies with equal force to other rulings excluding defendant's testimony.

The judgment is reversed, and a new trial granted, with costs to defendant.

NORTH, C. J., and FEAD, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.