## MINER *v.* SCHOLTON.

1. MOTOR VEHICLES—NEGLIGENCE—DIRECTED VERDICT.
    Where, in action for damages caused by collision between plaintiff's and defendants' trucks, testimony failed to show which truck was on wrong side of center of highway when collision occurred, verdict was properly directed in favor of defendants.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED.
    Where, at time of trial of case involving collision between plaintiff's and defendants' trucks, driver of defendants' truck was dead, plaintiff's testimony in regard to collision was properly rejected as being equally within knowledge of deceased.

Error to Kent; Perkins (Willis B.), J.   Submitted April 17, 1930.   (Docket No. 42, Calendar No. 34,829.)   Decided June 2, 1930.

Case by Will H. Miner, in his own right and as assignee of the Citizens Mutual Automobile Insurance Company against Martin Scholton and another.   From judgment for defendants on directed verdict, plaintiff brings error.   Affirmed.

*Rodgers & Dunn,* for plaintiff.

*Dunham, Cholette & Allaben,* for defendants.

Fead, J. Plaintiff reviews judgment for defendants on directed verdict.

January 24, 1929, about 9 o'clock in the evening, plaintiff was driving his truck, hauling a long trailer carrying four finished automobiles, westerly toward Grand Haven on U. S. Trunk Highway 16. There was snow on the pavement, and it was icy. As he was descending a hill he saw the lights of an approaching truck some 10 yards away. The truck was owned by Bishop & Sons and driven by Scholton. Plaintiff applied his brakes, but gently, for fear of "jackknifing" the truck and trailer, and drove on the extreme right or north of the road, partly off the pavement and in or against a rut of snow and ice. The trucks afterward collided, and plaintiff brought suit for damages. Scholton died some time later, not from the accident, and plaintiff's testimony to the fact and details of the collision was excluded as equally within the knowledge of the deceased. There were no eyewitnesses to the accident except the drivers. Following plaintiff was Harley Davis, who arrived at the scene directly after the collision and upon whose testimony plaintiff depends as having raised an issue for the jury.

Davis testified that as plaintiff went up the hill, and until he went out of Davis' sight over the brow, he was driving to the right of the center of the road; when Davis came to the top of the hill, the trucks had collided; when he reached the scene of the accident, defendants' truck was facing east, partly off the south side of the pavement, in a ditch; it was damaged on the left side, the injury to it starting about six feet back from the front of the truck;

chain marks led westerly from it, and, at an unestimated distance west, Davis found that they had straddled the center of the highway, indicating that Scholton had been driving in the middle of the road; plaintiff's vehicle had jackknifed; his truck was headed south or southwesterly and was partly south of the center of the road; the tire marks of his truck had run on the north side and partly off the pavement in the rut until it turned southerly to where it stood when Davis came up. Plaintiff's truck was injured on the left front and left side.

The testimony did not show the point of collision on the highway, where defendants' chain marks had left the center of the highway and turned to the right or south, where plaintiff's tire marks had left the north side and crossed the center to the south, nor how far back from where the trucks stood either of the marks had crossed the center. In other words, the testimony was not sufficiently specific as to the course of the chain or tire marks to indicate which vehicle was on its own wrong side when they collided. This failure of testimony was the basis of the direction of verdict, was argued at length, and no request to reopen the case to supply the omission was made.

The negligence claimed was that defendants' truck was being driven on the left or north of the center of the road. Witnesses testified that the accident could have been caused by plaintiff applying his brakes too strongly or quickly or by his endeavoring to get out of the rut, the pressure of the trailer causing the vehicle to jackknife and forcing his truck to the south. The injury to the trucks indicated that plaintiff's truck ran into the side of defendants'. Where the testimony goes no further than to indicate that several conditions may

have been present which could have caused an accident, but fails to show that one was actually present, it is pure conjecture to hold it the cause. The testimony presented no question for the jury.

Before Davis took the stand, plaintiff was asked the question, "Did your truck and the truck coming from the opposite direction there have a collision?" Affirmative answer was stricken as equally within the knowledge of the deceased Scholton. Assuming that it was a question for the jury whether Scholton knew the location of plaintiff's truck with reference to the center of the highway (*Noonan* v. *Volek*, 246 Mich. 377; Perkins' Evidence by Survivor, § 30), the question, nevertheless, included the fact of collision, which was obviously within the knowledge of Scholton and rendered the answer inadmissible.

Judgment is affirmed, with costs.

Wiest, C. J., and Butzel, Clark, McDonald, Potter, Sharpe, and North, JJ., concurred.