## PARATORE v. FURST

1. EVIDENCE—TRAFFIC CONVICTIONS—ADMISSIBILITY—IMPEACHMENT.

    A driver's past motor vehicle conviction record is admissible for the purpose of impeaching a witness' credibility and to show that an owner negligently entrusted his automobile to the driver (GCR 1963, 607, as amended).

2. SAME—IMPEACHMENT—DRIVING RECORD—NO CONVICTION—ADMISSIBILITY.

    Incidents of bad driving, except convictions, are not admissible to impeach the credibility of a witness who is a party.

3. AUTOMOBILES—CONTRIBUTORY NEGLIGENCE—EVIDENCE—"BAD DRIVING RECORD"—PASSENGER'S KNOWLEDGE.

    Elements of the "driving record" of the driver with whom plaintiff was riding when an accident occurred which are relevant to defendant's claim of contributory negligence are those events of which plaintiff had actual knowledge before entrusting himself to the driver, whether or not such events resulted in conviction.

4. TRIAL — SEPARATE TRIALS — NEGLIGENT ENTRUSTMENT — DRIVING RECORD — PREJUDICE TO PLAINTIFFS.

    Separate trials for plaintiffs should be granted in action by a driver and his passenger against another for automobile negligence so that the jury will not be confused by the issues and thus cause prejudice to either of the plaintiffs, where defendant introduces the issues of driver's bad driving record and passenger's negligent entrustment of his safety to driver, because plaintiff driver is entitled to have all evidence of past driving record except convictions excluded from jury considera-

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 58 Am Jur, Witnesses § 734 *et seq.*
[3, 6, 8] 8 Am Jur 2d, Automobiles and Highway Traffic § 573.
[4, 5] 53 Am Jur, Trial § 55.
[7] 53 Am Jur, Trial § 35.

tion and because plaintiff passenger is entitled to an exclusion of all evidence of driver's record except that of which the passenger had knowledge.

5. SAME—COURT RULES—JOINDER AND CONSOLIDATION—PREJUDICE TO PLAINTIFFS.

Liberal joinder of parties and consolidation of actions allowed by the court rules should not be allowed to result in prejudice to any party, and if it appears that there may be prejudice from joinder or consolidation, separate trials should be granted (GCR 1963, 206, 505).

6. AUTOMOBILES—NEGLIGENCE—EVIDENCE—"BAD DRIVING RECORD"— PREJUDICE TO PLAINTIFFS.

Evidence before the jury in an action brought by a driver and his passenger that plaintiff driver was a bad driver who had received tickets without showing convictions and evidence of driver's bad driving record without showing that passenger knew of such items when he entrusted himself to the driver could prejudice both driver and passenger in their actions; therefore separate trials should have been granted.

7. TRIAL—VERDICT FOR PLAINTIFF—FAIR TRIAL.

It is possible for a party to be deprived of a fair trial, even though a verdict is rendered in his favor.

8. AUTOMOBILES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — ENTRUSTING IN ANOTHER'S DRIVING.

Michigan case law has not yet accepted the view that one can be contributorily negligent in failing to exercise due care in entrusting his own safety to another's automobile driving.

Appeal from Wayne, Sullivan (Joseph A.), J. Submitted Division 1 February 5, 1968, at Detroit, (Docket No. 1,977.) Decided January 30, 1969. Rehearing denied February 21, 1969. Leave to appeal denied July 11, 1969. See 382 Mich 769.

Complaint by Carl Paratore and Robert Hawkins against Richard A. Furst for automobile negligence. Verdict and judgment of no cause of action against Paratore and verdict and judgment for Hawkins. Plaintiffs appeal. Reversed and remanded.

*Albert Lopatin* (*Norman L. Zemke,* of counsel), for plaintiffs.

*Garan, Lucow & Miller,* for defendant.

LEVIN, J. Plaintiffs-appellants Carl Paratore and Robert Hawkins appeal a jury verdict of no cause of action against Paratore and awarding Hawkins $350. Although there are several assignments of error, our disposition of this case makes it unnecessary for us to consider more than one.

This action was commenced following a collision between an automobile driven by Paratore, in which Hawkins was a passenger, and an automobile driven by the defendant Richard A. Furst.

Paratore and Hawkins filed their complaint on May 29, 1963. The defendant's answer did not claim that either plaintiff was guilty of contributory negligence. At a pretrial conference held July 2, 1965, the defendant was authorized to amend to allege that the negligence of both plaintiffs contributed to their injuries. The alleged act of contributory negligence on the part of the passenger Hawkins was his entrusting himself to the hazards of Paratore's driving knowing, as it was alleged, that Paratore was an habitually negligent driver.[1]

Plaintiffs thereupon moved for separate trials. In our opinion the trial court erred when it denied that motion.

In the time between the date plaintiffs' complaint was filed and the date of the pretrial conference where the defendant was authorized to amend, the Michigan Supreme Court announced its decision in *Perin* v. *Peuler* (On Rehearing, 1964), 373 Mich 531, and promulgated GCR 1963, 607 (374 Mich xv).

---

[1] See Restatement, Second, Torts, § 466, Comment on clause (a), subparagraph (e).

Under that decision and court rule evidence of a driver's past motor vehicle conviction record became admissible for various purposes, including (1) to impeach a witness' credibility and (2) to show that an owner negligently entrusted his automobile to the driver. As appears in this record, *Perin* v. *Peuler* and rule 607 introduced a new dimension for the defense as well as the offense.

In authorizing the introduction in evidence of a driver's past motor vehicle conviction record the Michigan Supreme Court did not decide the question here presented, namely, whether the imperative of a fair trial considered in the light to which such evidence can be put might not require separation for trial of some causes which traditionally have been consolidated for trial.

The only use the defendant could have properly made of Paratore's conviction record against Paratore was to impeach Paratore's credibility as a witness by proof of his prior *convictions*. This would not include incidents of bad driving which did not result in conviction. In contrast, the only elements of Paratore's driving record which were relevant to the claim of contributory negligence against Hawkins were those events of which Hawkins had knowledge before entrusting himself to Paratore's driving. These might include none of Paratore's convictions but a number of other close calls witnessed by Hawkins.

Paratore was entitled to keep from the jury's purview evidence concerning his driving record other than his conviction record. Hawkins was entitled to the exclusion of all evidence concerning Paratore's driving record other than events of which he had knowledge. *Cf. Leebove* v. *Rovin* (1961), 363 Mich 569, 582. That which might be admissible against Paratore on the issue of his credibility

would not necessarily be admissible against Hawkins on the issue of his contributory negligence and vice versa. The danger of confusion of issues and prejudice inherent in this situation is apparent. Either plaintiff could be substantially prejudiced by evidence concerning Paratore's driving record beyond that properly admissible in that plaintiff's separate case against the defendant.

Cautionary instructions that the jury might count:

(1) the evidence of Paratore's convictions, but none of the other evidence of his bad driving, for the purpose of determining his credibility;

(2) the evidence of Paratore's bad driving, including convictions, of which Hawkins had knowledge prior to the entrustment, but none of the driving record evidence of which Hawkins did not have such knowledge, for the purpose of determining whether Hawkins was contributorily negligent;

(3) none of such evidence in deciding whether the collision was caused by Paratore's or Furst's negligence,

would probably have confused the jury more than enlightened it. Furthermore, experience teaches us that juries cannot be depended upon to remove from their conscious and subconscious thinking processes prejudicial facts just because they have been instructed to do so. For a discussion see *Bruton* v. *United States* (1968), 391 US 123 (88 S Ct 1620, 20 L Ed 2d 476).

GCR 1963, 206 and GCR 1963, 505 provide for liberal joinder of parties in an action and consolidation of actions for trial. But under these rules where joinder or consolidation may be expected to result in prejudice to any party, the trial court should order a separate or sequential trial of issues or claims or enter such other orders as may be nec-

essary to avoid prejudice. *Gervais* v. *Annapolis Homes, Inc.* (1966), 377 Mich 674, 679; *Watts* v. *Smith* (1965), 375 Mich 120, 125. In this case prejudice was probable enough that plaintiffs' motion for separate trials, made after introduction of the affirmative defenses, should have been granted. See *Jackson* v. *Trogan* (1961), 364 Mich 148, 158, and *Vernan* v. *Gordon* (1961), 365 Mich 21, 24; *Felice* v. *Weinman* (1964), 372 Mich 278, 281. We do not preclude joint trial where all the evidence of past driving record is admissible against both parties, albeit for different purposes.

The subsequent course of the trial bears out the plaintiffs' assertion that trying their 2 claims together would be prejudicial. Paratore testified on cross-examination that he may have received a couple of speeding tickets shortly after the accident and that he had been arrested and convicted of a crime (unspecified). Paratore conceded that he had a "bad driving record" and that Hawkins was familiar with a "good portion" of that record. What Paratore meant by "driving record" or to which portion of that "record" he was referring was not brought out except that when asked which portion of the "record" was known to Hawkins, Paratore responded that Hawkins knew that Paratore had received "tickets."

Hawkins was called for cross-examination and was asked whether he was familiar with Paratore's driving record. He acknowledged that he knew that Paratore had received tickets, "not lots of tickets," but for what and whether before or after the accident was not made clear.

The question was then put whether Hawkins was aware that Paratore had trouble with the Secretary of State's office pertaining to his driver's license. The question led to colloquy between counsel and the

court in the absence of the jury. The court observed that if the basis of the affirmative defense offered against Hawkins was assumption of risk it was precluded by *Felgner* v. *Anderson* (1965), 375 Mich 23, 56.[2] The court indicated the defense might still be open on a theory of contributory negligence. The matter was resolved when defense counsel stated he would refrain from further questions in the area. The issue of Hawkins' contributory negligence was not submitted to the jury.

Thus, although the jury was not instructed to consider whether Hawkins was contributorily negligent, they had all the evidence before them that Paratore was a bad driver and that Hawkins was riding with a bad driver who had received "tickets," et cetera. Evidence other than of convictions was heard by the jury although Paratore was entitled to the exclusion of such other evidence. And evidence of bad driving record not shown to have been known by Hawkins when he entrusted himself to Paratore's driving was introduced although Hawkins was entitled to have that evidence excluded. We cannot say that Paratore and Hawkins were not prejudiced thereby. The defense may not so cross-ruff driver and passenger plaintiffs.

The amount of the verdict in Hawkins' favor was $350. The defendant contends that since Hawkins obtained a judgment from the jury he was not prejudiced by any error and so is not entitled to a new trial. However, it is entirely possible for a party to be deprived of a fair trial even though a verdict is rendered in his favor. *O'Dell* v. *James* (1968), 13 Mich App 574; *Bishop* v. *Plumb* (1961), 363 Mich 87, 92; *People* v. *Gessinger* (1927), 238 Mich 625, 628.

---

[2] In *Felgner* v. *Anderson, supra,* the Court limited the defense of assumption of risk to certain cases between employer and employee and cases where it is claimed there had been express contractual assumption of risk.

We cannot say that the verdict was so clearly adequate that a substantially larger amount might not be awarded at a new and separate trial.

We are not aware of any Michigan decision recognizing the concept expressed in the Restatement (see footnote 1) that one can be contributorily negligent in failing to exercise due care in the entrustment of his own safety to another's automobile driving. We intimate no opinion that contributory negligence of the passenger can be established solely on evidence of the driver's past driving record even if that record be known to the passenger.

The record in this case is too confused and incomplete as to both the details of Paratore's bad driving history and Hawkins' knowledge of that history for us to determine whether there was sufficient evidence that Hawkins' act of entrusting his safety to Paratore was negligent and that there was such a natural, probable and significant relationship between the act of entrustment and Hawkins' injuries to warrant submitting to the jury the question of whether the allegedly negligent act of entrustment constituted contributory negligence.

Reversed and remanded for new and separate trials. Costs to appellants.

LESINSKI, C. J., and McGREGOR, J., concurred.