### SKIFF *v* DICKENS

1. AUTOMOBILES—NEGLIGENCE—EVIDENCE—DEAD MAN'S STATUTE—
   MATTERS NOT WITHIN KNOWLEDGE OF DECEASED.

   The testimony of the defendant as to her speed, her visibility,
   her evasive action, her distance from the intersection when
   she saw the deceased's vehicle, and that she saw no cross-
   traffic in an action brought by the administrator of the estate
   of a party killed in an intersection collision was not inadmis-
   sible by reason of the dead man's statute because those matters
   are not the type which necessarily must have been equally within
   the knowledge of the deceased; the evidence was admissible
   regardless whether the governing dead man's statute was the
   one which made evidence equally within the knowledge of a
   party incapable of testifying inadmissible in an action
   brought *against* that party or the statute which made such evi-
   dence inadmissible in an action brought *by or against* a person
   incapable of testifying (MCLA 600.2160).

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Witnesses § 224.
[2, 3] 58 Am Jur, Witnesses § 783.

2. WITNESSES—IMPEACHMENT—COLLATERAL MATTER.

A defendant may not be impeached on a collateral matter.

3. AUTOMOBILES — NEGLIGENCE — COLLATERAL MATTER — FAMILIAR-
ITY WITH ACCIDENT SCENE.

Evidence that the defendant had passed the intersection where
the automobile accident in question occurred 30 or 40 times
rather than 6 times, as the defendant had testified, was prop-
erly excluded because that evidence was collateral to the
defendant's negligence, the question at issue, and a defendant
may not be impeached on a collateral matter.

Appeal from Washtenaw, William F. Ager, Jr., J.
Submitted Division 2 January 12, 1972, at Lansing.
(Docket No. 9755.) Decided February 22, 1972.
Leave to appeal denied, 388 Mich 793.

Complaint by Roy M. Skiff, administrator of the
estate of Robert M. Skiff, deceased, against Jane
Elizabeth Dickens for negligence. Judgment for
defendant. Plaintiff appeals. Affirmed.

*Jack J. Garris,* for plaintiff.

*Douvan, Harrington & Carpenter,* for defendant.

Before: DANHOF, P. J., and T. M. BURNS and
O'HARA,* JJ.

T. M. BURNS, J. About 4:30 p.m. on June 27, 1964,
an intersection accident occurred involving a pickup
truck and a car. Robert M. Skiff, driver of the truck,
was killed. Jane Elizabeth Dickens, driver of the
car, survived. There were no passengers in either
vehicle and no eyewitnesses except for the defendant
and the deceased.

A complaint was filed on July 15, 1966, by Roy M.
Skiff, administrator of the estate of the deceased,

---

* Former Supreme Court Justice, sitting on the Court of Appeals
by assignment pursuant to Const 1963, art 6, § 23 as amended in
1968.

charging the defendant with negligence. A jury trial was held in January of 1969 and a verdict of no cause for action was returned. Plaintiff's motion for a judgment notwithstanding the verdict or a new trial was denied on April 7, 1969. A delayed appeal to this Court followed.

When defendant was called as a witness by the plaintiff, she testified as to the speed of each vehicle, the visibility, the evasive action taken by her, how far away she was when she saw the truck and attempted to stop, that both parties approached the intersection at the same time, that within the stopping distance she saw no cross-traffic, and how far the Skiff vehicle was into the intersection at the time of the accident. Plaintiff contends that all of the above testimony should have been excluded under the so-called "Dead Man's Statute", MCLA 600.2166; MSA 27A.2166, which repealed MCLA 600.2160; MSA 27A.2160.

The previous statute provided:

"(1) When an action or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person. When any action or proceeding is prosecuted or defended by any surviving partner or partners, the opposite party, if examined as a witness in his own behalf shall not be admitted to testify at all in relation to matters which, if true must have been equally within the knowledge of the deceased partner, and not within the knowledge of any one of the surviving partners."

However, the statute in force at the time of the trial provided in pertinent part:

"Sec. 2166. (1) In any action against a person incapable of testifying, a party's own testimony shall not be admissible as to any matter which, if true, must have been equally within the knowledge of the person incapable of testifying, unless some material portion of his testimony is supported by some other material evidence tending to corroborate his claim." (1967 PA 263.)

The trial judge, therefore, ruled that the defendant's testimony was admissible since the statute provided for the exclusion of testimony only when an action was brought against the person incapable of testifying. In this case, of course, the person incapable of testifying is the plaintiff, and the statute would have no application.

On May 15, 1969, the Michigan Supreme Court added Court Rule 608 "effective immediately to meet an unintended discrepancy in the law".[1] The court rule provided:

"Rule 608. Dead Man's Statute. Section 2166 of the revised judicature act, as amended by PA 1967, No. 263, is hereby made applicable in any action brought by or against a person incapable of testifying."

Plaintiff now contends that he was denied a fair trial and that a grave injustice occurred because during the short period when the trial took place, the statute applied only to actions brought against the person who is incapable of testifying. At all other times since 1846, the statute has applied to both actions by or against the person incapable of testifying.

It is defendant's position that the testimony complained of was not equally within the knowledge of the deceased and, therefore, the statute would have

[1] 382 Mich xxxii.

no application to the instant case no matter to whom it applied. We agree. Defendant testified as to her speed, her visibility, her evasive action, her distance from the intersection when she saw the Skiff vehicle, and that she saw no cross-traffic.

The matters defendant testified to are not the type which necessarily must have been equally within the knowledge of the deceased. Defendant merely testified to what she saw and how she reacted. There is no way of knowing whether deceased at any time even knew he was going to be in an accident let alone whether he observed all of the things testified to by the defendant. Indeed, deceased may not have even been aware of the speed of his own vehicle.

In *Noonan* v *Volek,* 246 Mich 377, 381 (1929), the Court made the following observation:

"Defendant was not permitted to testify that, upon approaching the wagon, he sounded his horn. The ruling was in support of an objection that the fact, if true, was equally within the knowledge of the deceased. Who knows what the deceased knew? If defendant sounded his horn and Mr. Noonan did not hear it, then the fact, if true, was not within the knowledge of the deceased at all."

In our opinion defendant's testimony would have been admissible even assuming the Dead Man's Statute was in force and applicable in actions "by or against" a person incapable of testifying at the time of the trial in the instant case. We do not, therefore, find it necessary to decide whether the plaintiff was denied a fair trial due to the wording of the statute when the trial in the instant case took place.

Plaintiff next argues that the clear weight of the evidence shows that the Skiff vehicle entered the intersection first and, therefore, had the right-of-way. Plaintiff cites *Scurlock* v *Peglow,* 263 Mich 658 (1933).

Assuming that the testimony did establish that plaintiff entered the intersection first, our reading of the *Scurlock* case does not require us to hold, as a matter of law, that plaintiff then had the right-of-way. All the Supreme Court held in that case was that under all the circumstances surrounding the accident, it could not be said that plaintiff was guilty of contributory negligence or defendant free from negligence and that there was a case for the jury.

Here plaintiff's case went to the jury, and they returned a verdict of no cause for action. Plaintiff cites no authority which would require the circuit judge or this Court to upset that verdict by granting a judgment notwithstanding the verdict or a new trial. We find no merit in plaintiff's contention that, under the evidence, he was entitled to a judgment notwithstanding the verdict or, in the alternative, a new trial.

Plaintiff finally contends that the trial court erred in excluding testimony which would have shown that defendant passed the intersection where the accident occurred 30 or 40 times rather than 6 times as defendant testified.

The trial court ruled that the testimony was inadmissible because it would impeach the defendant on a collateral matter. In so ruling the trial court noted that all the witness in question could testify to was that he saw the defendant pass his home and that there were two intersections where defendant could have turned between the witness's house and the intersection where the accident took place.

The trial court correctly stated the law when he ruled that the defendant could not be impeached upon a collateral matter. See *Mills* v *Warner*, 167 Mich 619 (1911); *Hall* v *Iosco County Board of Road Commissioners*, 2 Mich App 511 (1966). Since the

testimony in question is collateral to the issue of defendant's negligence, plaintiff was bound by the answer defendant gave during cross-examination.

Affirmed.

All concurred.