JAMES v DIXON

JAMES v WINDY RIDGE, INC

Docket Nos. 44523, 44524. Submitted November 8, 1979, at Grand
Rapids.—Decided February 20, 1980.

Plaintiff's decedent, Eugene James, was killed in an automobile
accident when his car collided with one owned by defendant
Robert Eppinger and driven by defendant Bradley Reid Dixon.
Plaintiff, Joan James, commenced a wrongful death action
against defendants Eppinger and Dixon in the Montmorency
Circuit Court on behalf of herself and her minor child and as
administratrix of decedent's estate. She also commenced a
separate action under the dramshop act against Windy Ridge,
Inc., doing business as Ike's Bar. The trial court, Joseph P.
Swallow, J., denied plaintiff's motion made under the dead
man's statute to exclude testimony of Eppinger and Dixon
concerning the cause of the accident and ordered the cases
consolidated for trial. Plaintiff appeals by leave granted. *Held:*

1. The dead man's statute has been impliedly abrogated by
the adoption of the rules of evidence.

2. A court may consolidate several actions where they involve
a substantial and controlling common question of law or fact.
Whether consolidation is proper depends on the extent to
which facts or legal theories inadmissible in separate actions
are injected into an action due to consolidation. The necessity
of arguing inconsistent theories of recovery is not the type of
prejudice which will prevent consolidation where an instruction
will eliminate the possibility of jury confusion.

Affirmed.

1. WITNESSES — CAPACITY — DEAD MAN'S STATUTE — COURT RULES.
The dead man's statute has been impliedly abrogated by the
adoption of the rules of evidence (MCL 600.2166; MSA
27A.2166, MRE 601).

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Statutes §§ 181, 185.
  81 Am Jur 2d, Witnesses §§ 303 - 305.
[2] 1 Am Jur 2d, Actions § 156 *et seq.*

2. ACTION — CONSOLIDATION OF ACTIONS.

    A court may consolidate several actions where they involve a substantial and controlling common question of law or fact; whether consolidation is proper depends on the extent to which facts or legal theories inadmissible in separate actions are injected into an action due to consolidation; the necessity of arguing inconsistent theories of recovery is not the type of prejudice which will prevent consolidation where an instruction will eliminate the possibility of jury confusion.

*Rensberry & Foster, P.C.* (by *Robert Kaufman),* for plaintiff.

*Freel & Huck, P.C.,* and *Yahne, Wenzel, White & Werth,* for defendants.

Before: V. J. BRENNAN, P.J., and BEASLEY and G. E. BOWLES,* JJ.

G. E. BOWLES, J. On December 5, 1975, the vehicle operated by plaintiff's decedent collided head-on with an automobile owned by defendant Eppinger and driven by defendant Dixon. On November 6, 1976, plaintiff commenced a wrongful death action against Dixon, alleging that his negligence was the cause of the collision, and against Eppinger as owner of the vehicle. The defendants answered by denying negligence on their part and by affirmatively pleading that plaintiff's decedent's gross or contributory negligence was the sole proximate cause of the accident. After discovering that a blood test had been performed upon plaintiff's decedent to determine the level of alcohol in his blood, defendants Dixon and Eppinger amended their answer alleging that at the time of the accident plaintiff's decedent was driving under the influence of alcohol.

_____

* Former circuit court judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

On December 2, 1977, plaintiff filed a motion *in limine* to exclude any testimony by defendants Dixon and Eppinger concerning the cause of the accident. The basis of the motion was that the cause of the collision was a matter equally within the knowledge of plaintiff's decedent so that the defendants' testimony was barred by Michigan's dead man's statute.[1] On June 8, 1977, the trial court denied plaintiff's motion, stating that a factual situation might arise during trial in which the direct testimony of the defendants would be admissible despite the dead man's statute.

On June 9, 1978, defendant Dixon moved to consolidate the wrongful death action with a dramshop action filed by plaintiff on November 27, 1977, against defendant Windy Ridge, Inc., d/b/a Ike's Bar, arising out of the same fatal accident. Plaintiff opposed consolidation arguing that it would force her to elect between the wrongful death and dramshop actions, the merits of each of which she had a right to be heard by a jury. Additionally, plaintiff opposed the motion on the basis that consolidation would compel her to waive her right to exclude testimony as to matters equally within the knowledge of plaintiff's decedent under the dead man's statute.

On November 27, 1978, the trial court entered a new order replacing its June 8, 1977, order denying plaintiff's motion to exclude Dixon's and Eppinger's testimony in the wrongful death action. The court found that the dead man's statute had been "implicitly negated" by MRE 601, and by the abolition of GCR 1963, 608.

Thereafter, defendant Dixon renewed his motion for consolidation. Dixon noted that, because of the November 27, 1978, order, plaintiff could no longer

---

[1] MCL 600.2166; MSA 27A.2166.

claim that consolidation of the wrongful death and dramshop actions would deny her the benefit of exercising a favorable evidentiary rule. On January 18, 1979, the trial court held that the wrongful death and dramshop actions involved substantial, controlling, and common issues of both fact and law and ordered their consolidation for trial. Plaintiff appeals from both the November 27th and January 18th orders by leave granted.

I

Plaintiff first argues that the trial court erred in holding that the dead man's statute had been impliedly repealed by the effectuation of MRE 601 and by abolition of GCR 1963, 608. Since the Legislature has not specifically abrogated the statute, the issue is whether the Michigan Supreme Court has evidenced a clear intent to remove the incompetency imposed by the dead man's act. It is settled that the courts have the power to formulate and alter matters involving judicial practice and procedure. This includes the power to adopt rules of evidence. Thus, if the dead man's statute conflicts with MRE 601, the rule prevails over the statute. *Perin v Peuler,* 373 Mich 531, 541-542; 130 NW2d 4 (1964), *People v Joker,* 63 Mich App 421; 234 NW2d 550 (1975), *lv den* 395 Mich 779 (1975).

We begin our consideration of this issue by noting that the incompetency imposed by the dead man's statute has been met with significant judicial dissatisfaction. Thus, the incompetency itself has been narrowly construed while exceptions to the rule have been freely applied.[2] Of course,

---

[2] See *Noonan v Volek,* 246 Mich 377, 381-382; 224 NW 657 (1929), *Leitelt Iron Works v DeVries,* 369 Mich 47, 52-55; 119 NW2d 101 (1963), and *Skiff v Dickens,* 38 Mich App 357; 361; 196 NW2d 481 (1972), *lv den* 388 Mich 793 (1972), as examples of the type of strict

judicial disaffection is not a reason sufficient, in and of itself, to declare an otherwise valid, statutorily imposed rule governing an aspect of court procedure a nullity. However, this general dissatisfaction does establish a climate in which it is entirely plausible that the Supreme Court in adopting MRE 601 intended to eliminate the effects of the dead man's statute.

An examination of the history of the dead man's statute and its interplay with court rule aids in the resolution of this issue. In 1967 the then-existing version of the dead man's statute was repealed and a new version of the statute was enacted.[3] Unlike its predecessor, this new version of the dead man's statute provided that in an action *against* a person incapable of testifying, a party's own testimony concerning matters equally within the knowledge of the person incapable of testifying *could be admitted into evidence* if supported by some other material evidence. GCR 1963, 608, was adopted to broaden the applicability of this corroboration exception to include actions brought *by* a person incapable of testifying. Contemporaneously with the adoption of the Michigan Rules of Evidence, the Michigan Supreme Court explicitly abolished GCR 1963, 608.[4] A staff comment following the order abolishing GCR 1963, 608, indicates that the rule was rendered unnecessary by enactment of MRE 601, which generally eliminates incompetencies. While such staff comments are not authoritative constructions sanctioned by the Su-

construction applied when considering testimonial incompetencies under the dead man's statute. See *Hilliker v Dowell,* 54 Mich App 249; 220 NW2d 712 (1974), for an example of the minimal corroboration required to avoid the consequences of the dead man's statute.

[3] Section 2160 of Act No. 236 of the Public Acts of 1961, being Section 600.2160 of the Compiled Laws of 1948, was repealed and Section 600.2166 was enacted in its place.

[4] 402 Mich cxxxiii.

preme Court, they are entitled to careful consideration. We are in accord with the committee staff that the most logical conclusion to be drawn from the Supreme Court's abrogation of GCR 1963, 608, is that the Court believed MRE 601 eliminated the incompetency imposed by the dead man's statute.

MRE 601 provides:

"Unless the court finds after questioning a person that he does not have sufficient physical or mental capacity or sense of obligation to testify truthfully and understandably, every person is competent to be a witness except as otherwise provided in these rules."

No subsequent provision of the Michigan Rules of Evidence disqualifies a party from speaking to matters equally within the knowledge of a person incapable of testifying. It is apparent from the staff comments that the Supreme Court was aware of the dead man's statute when considering adoption of the rules of evidence. It cannot be said, then, that the direct conflict between the language of MRE 601 and the dead man's statute was due to inadvertence on the Court's part. Consequently, we affirm the lower court ruling that the dead man's statute has been impliedly abrogated by MRE 601.

## II

Plaintiff also contends that the trial court erred in ordering consolidation of the wrongful death and dramshop actions. Plaintiff argues that if the cases are tried together, there is a substantial danger that the jurors might become confused and believe that her decedent's intoxication is an affirmative defense which can be rightly asserted by all defendants.

The authority of the trial court to order the

consolidation of two actions is derived from GCR 1963, 505.1, which provides:

> "When actions involving a substantial and controlling common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay."

It is clear that the two cases at bar involve substantially the same factual issues as both relate to events transpiring on the night of the death of plaintiff's decedent. In view of the fact that several of the same witnesses and much of the same testimony will be presented in both cases, consolidation of the two actions in one trial seems likely to save court time. However, the fact that time in court may be conserved is not alone sufficient reason to order consolidation. As the Michigan Supreme Court stated in *Jackson v Trogan,* 364 Mich 148, 158; 110 NW2d 612 (1961):

> "By promoting the 'convenient administration of justice' we do not mean expediting the work of the court, although that element may be given some consideration. More specifically, the phrase should be considered in connection with the possible effect of consolidation for trial on the actions involved in a given situation."

In *Jackson,* the Court held that the trial court had erred in consolidating the auto negligence actions of five passenger-plaintiffs with a similar action by the driver. It was clear to the Court that the jury improperly attributed the contributory negligence of the intoxicated driver to the passenger-plaintiffs. See also, *Felice v Weinman,* 372 Mich 278, 281; 126 NW2d 107 (1964), *Paratore v Furst,* 15

Mich App 568; 167 NW2d 126 (1969), *lv den* 382 Mich 769 (1969).

*Jackson* and *Paratore, supra,* suggest that whether consolidation is proper depends on the extent to which facts or legal theories inadmissible in separate actions are injected into an action due to consolidation. With the adoption of comparative negligence by the Supreme Court,[5] defendants in the wrongful death action would be able to assert plaintiff's decedent's intoxication as a defense. Plaintiff's decedent's contributory negligence is not a valid defense in the dramshop action. *Genesee Merchants Bank & Trust Co v Bourrie,* 375 Mich 383, 389-390; 134 NW2d 713 (1965). Moreover, in the dramshop action, plaintiff will have the burden of proving that defendant Windy Ridge, Inc., sold liquor to the decedent while he was visibly intoxicated. Therefore, it is evident that plaintiff will be thrust into the awkward position of arguing both that defendant Windy Ridge, Inc., sold the decedent liquor while he was visibly intoxicated and also that the decedent was not intoxicated or, at least, that his intoxication was not a cause of the collision. However, this is not the type of prejudice envisioned by the Court in *Jackson* or *Paratore, supra.* The only negligence which will possibly be attributed to plaintiff is that of her decedent. Indeed, one of the inherent attributes of relying on inconsistent theories of recovery arising out of one factual situation is that the truth will come out. Furthermore, we are persuaded that appropriate instructions would be sufficient to eliminate the possibility of jury confusion as regards the defense of contributory negligence. It would not be difficult for the trial court to inform the jury explicitly and clearly that plaintiff's decedent's intoxication

[5] *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979).

would be a defense possibly eliminating or reducing liability in the action against defendants Dixon and Eppinger, while it would not be a defense in the action against Windy Ridge, Inc. This case does not present the same potential for jury confusion as *Jackson* and *Paratore, supra.* We are convinced that the trial court did not abuse its discretion in ordering a consolidation of the wrongful death and dramshop actions for trial.

Affirmed. Costs to defendants.